Ruffin, C. J.
 

 On the 29th of April, 1836, the plaintiff made an entry of “twenty-five acres of vacant land, lying in Buncombe county, on the west side of French Broad River, adjoining his own land and the lands of John Plemmons, William Carroll, Abner Guthrie and William Frisbie and, having paid the purchase money, he obtained a patent for the land on the 30th of September, 1837.
 

 On the 11th of October, 1836, the defendant Gates made an entry of the same land in the following words : “ twenty-two and an half acres of land, lying in Buncombe conn
 
 *313
 

 ty,
 
 on the west side of French Broad River, adjoining the lands of John Plemmons, Peter Plemmons and Lewis Fore
 
 f
 
 and thereon a patent was issued to him on the 24th of August, 1837, and he Subsequently conveyed to the other defendant, Fore.
 

 The bill was filed in 1840, and states,- that the land was situate between a tract which the plaintiff owned, and on'e which William Carroll had owned, and was then occupied by the defendant Fore, under a purchase from Carroll ;■ and that, after the plaintiff had made his entry and its becoming known to Fore, they deemed it doubtful, whether there was any vacant land between their tracts,-as Fore claimed up to the line of the plaintiff’s land, before granted ; that, for the purpose of settling the point, Fore employed a surveyor to run the line of their respective tracts ; and that on the 10th of October, 1836, the survey was, in the presence of Fore and Gates, so far proceeded itr, as to satisfy the surveyor and all the parties, that the land, as-entered by the plaintiff, was vacant; but that, before the survey was entirely completed, the defendant Fore procured the other defendant Gates to make an entry of the same land in his,- Gates’s, own name, but in trust and for the benefit of Fore ; and that accordingly he did so,- as above stated, on the next day, the 11th of October, 1836. The bill charges that both of the defendants had a knowledge of the plaintiff’s entry of April preceding, and that Fore caused his entry to be made in the name of Gates, only to render it more difficult for the plaintiff to prove his case; and that, in fact, Fore merely paid the fees and purchase money to the State and~then took a conveyance from Gates, without giving him any thing therefor. T he prayer is for a conveyance to the plaintiff.
 

 Both of the defendants put in answers, in which it is admitted that Gates-assigned to Fore the benefit of his entry, and, after the grant, conveyed to Fore without any remuneration, but from motives of friendship: But each of them denies that he had any knowledge, that the plaintiff had entered the particular land' now in controversy, and says that Gates entered
 
 bona fide
 
 for himself, and was induced to give it up
 
 *314
 
 to Fore, because he was his uncle, and because he had believed that he purchased that as a part of the Carroll tract. The deiendants further state, that, at the time Gates made his entry and when the patent was issued to him, the defendants believed that the entry of the plaintiff was fora different tract, situate on French Broad River at the distance of a mile or more from the land in dispute, and adjoining the land of Abner Guthrie, while this tract does not adjoin Guthrie’s.
 

 The controversy between these parties turns chiefly on the matters of fact in issue ; for upon the questions of law the case is clear. An entry creates an equity, which, upon the payment of the purchase money to the State in due season, entitles the party to a grant, and, consequently, to a conveyance from another person, who obtained a prior grant under a junior entry,, with knowledge of the first entry.—
 
 Featherston
 
 v
 
 Mills,
 
 4 Dev. 596. It follows also from the acts of 1808, ch. 759, and 1809, ch.
 
 771,
 
 which settle the days on which the purchase money shall be paid, that it is not necessary that the first enterer should have paid the money to the Slate at the time of the second entry, provided that it be paid within the limited period.
 
 Harris
 
 v
 
 Ewing,
 
 1 Dev. & Bat. Eq. 369. Such was the case here. As to the other facts we are left in no doubt by the evidence. It appears that the plaintiff made two entries ; one
 
 on
 
 French Broad, as mentioned by the defendants; and also that under which he claims- in this suit. Of the latter as well as the former, the defendants both had notice on the 10th of October, 1836, as proved by two witnesses, who state that the plaintiff and others informed them of the fact on the land, while the experimental survey was going on. Moreover, the public surveyor proves, that he made both surveys under the respective warrants on the same day and in the presence of the plaintiff and Fore, and that he surveyed for the plaintiff first, because his was the prior entry and warrant, and that Fore, nevertheless, requested him to make out his plat and certificate immediately, to enable him to get a grant before the plaintiff. It was a fraud, thus to endeavor to deprive tho plaintiff of the legal title, which the law had as-
 
 *315
 
 snred him should be made. It is true, the surveyor states, that between the land owned by Guthrie and the vacant land granted to the plaintiff there is a narrow slip of land, that had been previously granted. But'that is mere matter of description, and in this case its inaccuracy is harmless, because there is no other piece that will answer the whole description, as far as appears, and enough of the description remains to identify this land. Of that, indeed, the defendant Fore had actual and full knowledge by the survey under the warrant; and it was his folly, after that, to pay the purchase money. There must be a decree for the plaintiff with costs,
 

 Prr Curiam. Decree accordingly.