Ruffin, J.
 

 The Court does not find it necessary
 
 to
 
 advert to the testimony taken by the parties, since it does not vary the case admitted in the answer, and upon that and the exhibits, the plaintiff is entitled to a decree.
 

 As between the entries on which the grants emanated, there is no doubt that of the plaintiff’s is to be preferred. It is prior in time, and by the subsequent payment of the purchase-money, in due time, it gave the plaintiff a complete equity, against the'State, and also' againét "those claiming under her
 
 *385
 
 by subsequent entry — at all events, if they have notice of the prior entry before they pay their money and get a grant; which is this case;
 
 Plemmons
 
 v.
 
 Fore,
 
 2 Ire. Eq. 312. If, therefore, the defendant had made no entry before that on which his grant issued, it would be a clear case for the relief the plaintiff seeks. And the Court is of opinion, that the defendant’s previous entries can have no effect, as they were not acted on, but abandoned, and had lapsed before the bill filed. If any agency of the plaintiff’s, in the causes or inducements to the defendant to suffer them to lapse, could affect the question, this case is clear of it, as there is no proof or allegation, of any such agency, but only that the plaintiff knew of the existence of those entries, when he made his own. But that is immaterial, because, in the first place, the answer admits, that the defendant' had abandoned them, and that for reasons not affecting the plaintiff, and, in the next place, because, whether he had then abandoned them or not., he subsequently allowed them to lapse, whereby they became null and void. The law does not forbid a person from entering land previously entered by another. Eor it is the object of the law to effect sales of the public domain, and, therefore, entries may be made
 
 ad libitum,
 
 subject, of course, to the engagement of the State to make a grant to the first enterer, provided he pays the price before, or at, the day limited by law. But no policy of the State, requires that an entry shall have lapsed before another person can enter the same land ; but quite the contrary; Eev. Stat. chap. 42, sec. 11; and the subsequent enterer is entitled to a grant, if the first enterer fail to pay his money within the time limited. The entry of the plaintiff was, therefore, liable to be defeated, or lost by the prior entries of the defendant, if the latter should go on to perfect his title under them ; but, on the other hand, the plaintiff’s entry gave him a right to get a grant, if he took the proper steps to get one, in case the defendant failed to entitle himself to a grant upon his previous entries. Notice, then, to the plaintiff of such prior entries, raises no equity against him, since he also knew, that such entry would be
 
 *386
 
 effectual or not, as it might, or might not, be acted on in due time. He made his entry at that risk ; and having run the risk, there is no ground on which the defendant can deprive him of the advantage derived from the defendant’s default in not perfecting his title on those entries. It is somewhat surprising, that, after the controversy arose between the last entries of the defendant and that of the plaintiff, the former had not proceeded on his first entries by new surveys on his warrants and the payment of the purchase-money, as he had the right to do up to the 31st December, 1856,’and thereby defeat the claim of the plaintiff. But he did not; so that at the time the bill was filed, those entries were gone by lapse; consequently, the defendant had lost all benefit by them, and had no equity thereon against the State, nor, of course, against a purchaser from the State. Eor it is perfectly clear upon the Statute, sections 13, lé, 15, that one entry cannot be connected with another, so as to affect the operation of the grant, either at law or in equity ; since each entry is to be dated and numbered, and the warrant numbered, and to contain the copy7 of the entry with the number and date, and returned with the survey7 to the secretary’s office, and a copy of the survey thereon, annexed to the grant; so that the right to a grant stands on its own entry exclusively7. If it were not so, there would be inextricable confusion in the titles to the public land. The defendant can derive no benefit, therefore, from his first entries, as he did not act on them in getting his title, and finally allowed them to lapse, and thereby left the land subject to the entry, made subsequent thereto, but prior to the entiy on which'his grant issued, and on which the plaintiff having complied with the law, got his grant.
 

 The answer states likewise, that the land is swamp and vested in the Literary Board. But that cannot affect the equity between these parties, because we suppose that is a question between them and the Literary Board. But, if that be otherwise, there is no satisfactory proof, that the land is of that character. The plaintiff is, therefore, entitled to the declarations and decree he asks. But as it does not appear how
 
 *387
 
 far the grants to the parties interfere with each other, there must be an enquiry and survey, to ascertain that fact. Eor, the defendant’s grant is not to be declared void in this proceeding; but on the contrary, the plaintiff, assuming it to be valid at law, seeks to hold the defendant to be a trustee for him, which is true only as to such part of the plaintiff’s land as may be covered by the grants to the defendant. Decree for the plaintiff accordingly, with costs against the defendant.
 

 Per Curiam, Decree accordingly.