*Doe ex dem.* of H. E. MELTON *v.* WILLIAM MONDAY.

In a grant to one Blount, there was an exception of "13735 acres of land, entered by persons, whose names are hereunto annexed;" among such names was that of "Gabriel Ragsdale, 100 acres"; it was shown that this 100 acres was afterwards surveyed, and granted to one Williams, under whom the plaintiff claimed, *Held,* that thereby the exception in the Blount grant, as regards the 100 acres, became as certain as if set out by metes and bounds.

(*Waugh* v. *Richardson,* 8 Ire. 470, and *McCormick* v. *Monroe,* 1 Jon. 13, cited, distinguished and approved.)

EJECTMENT, for 100 acres of land, tried before *Henry, J.,* Spring Term 1869 of BUNCOMBE Court.

The plaintiff made title by a grant from the State to one Williams, describing the land, and referring to an entry of the same by Gabriel Ragsdale.

The defendant claimed under an older State-grant, to one Blount.

The plaintiff showed that the Blount grant excepted from its operation "13735 acres of land entered by persons whose names are hereunto annexed," and among those names was that of "Gabriel Ragsdale, 100 acres"; and that this was the entry under which Williams obtained his grant.

The defendant submitted that such exception was void for uncertainty.

His Honor being of this opinion, there was a verdict for the defendant, and the plaintiff appealed.

*F. H. Busbee,* for the appellant.
*Phillips & Merrimon, contra.*

PEARSON, C. J.   We are of opinion that the exception in the grant to Blount is valid in respect to the land set out in the declaration.   The grant has this *exception,*—"13735 acres of land, entered by persons whose names are hereunto annexed."   Among the list of names is that of "Gabriel Ragsdale, 100 acres."   This 100 acres is described in the

entry according to the statute, with certainty to a certain intent in general. A survey is afterwards made, by which the land is described with " certainty to a certain intent in every particular," and a grant issues therefor to Williams, which refers to it as the one hundred acres entered by Rags-dale.

By these references the exception of the one hundred acres in controversy, is made as certain as if the land had been set out in the grant to Blount, by metes and bounds. In *Waugh* v. *Richardson*, 8 Ire. 470, it is held that an exception of 5000 *acres*, in a large grant, is void for uncertainty. In *Mc-Cormick* v. *Monroe*, 1 Jon. 13, is held that an exception of 250 acres *previously granted*, the former grant not being offered in evidence, is void for uncertainty. But it is said the exception might have been aided and made valid by means of the former grant, had it been produced. In our case all uncertainty is avoided by direct reference to the entry of Ragsdale, and the subsequent survey and grant to Williams : so it is the same as would have been the case in *McCormick* v. *Monroe*, had the exception been of 250 acres previously granted to ——, *setting out the name of the grantee.*

His Honor erred in setting aside the verdict, and entering judgment for the defendant. That ruling is reversed, and judgment will be entered for the plaintiff, upon the verdict.

PER CURIAM. Reversed.