JAMES M. GUDGER v. CLINGMAN HENSLEY.

*Ejectment—Title under reservation in grant—Burden of Proof.*

1. A continuous and uninterrupted possession of land for seven years. under color of title, manifested by distinct and unequivocal acts of ownership (as distinguished from successive and occasional trespasses) is absolutely essential to bar the entry of the legal owner, and ripen a. defective into a perfect title.

2. The law declaring what acts do, and what do not, constitute such possession, discussed by SMITH, C. J., and cases reviewed.

3. In ejectment, where a party relies upon a reservation in a grant to support his title, the *onus* is upon him to show that the land claimed is embraced within its terms. The presumption *contra spoliatorem* does not arise upon the facts in this case.

(*Sheppard* v. *Sheppard*, N. C. T. Rep., 108 ; *Moore* v. *Thompson*, 69 N. C., 120 ; *Williams* v. *Wallace*, 78 N. C , 354 ; *Ward* v. *Herrin*, 4 Jones 23 ; *Bartlett* v. *Simmons*, Id., 295 ; *Holdfast* v. *Shepard*, 6 Ired., 361 ; *Bynum* v. *Carter*, 4 Ired., 310 ; *Tredwell* v. *Reddick*, 1 Ired., 56 ; *Williams* v. *Buchanan*, Id., 535 ; *Loftin* v. *Cobb*, 1 Jones, 406 ; *McCormick* v. *Monroe, Id.*, 13 ; *Morris* v. *Hayes*, 2 Jones, 93 ; *Waugh* v. *Richardson*, 8 Ired., 470 ; *Melton* v. *Monday*, 64 N. C., 295, cited, commented on and approved.)

CIVIL ACTION to recover possession of Land, tried at Fall Term, 1879, of YANCEY Superior Court, before *Schenck, J.*

Verdict and judgment for plaintiff, appeal by defendant.

*Messrs. J. L. Henry* and *Merrimon & Fuller,* for plaintiff.

*Messrs. T. F. Davidson* and *Reade, Busbee & Busbee* for defendant.

SMITH, C. J.   The plaintiff derives title to the land described in the complaint under a grant from the state in 1796, to John Gray Blount, and successive conveyances through intermediate parties to himself.   The defendant relies on seven years' adverse possession, by those from whom he claims, of the part occupied by him with color of title, and the insufficiency of the grant to Blount to pass the estate in the disputed lands.

In making out the defence, the defendant showed a grant issued in 1798 to Abraham Turner, and, without connection with the grantee, a series of deeds commencing with a deed from Samuel Banks to Abraham Banks, executed in 1827, a devise and several descents, whereby the title is transmitted to the defendant and his wife, Sarah, a daughter of

Polly Penland, deceased. To support his alleged possession, the defendant proved that in 1860 or 1861, Absalom Penland, the husband of Polly, went on the land which lies upon the slope of a mountain, and enclosed a cove (known as the " Nettle Cove,") deadened some trees, and cleared up a small patch, but did not fence it in; that in 1866, the children of Polly Penland enclosed about one-eighth of an acre, set out a few peach trees and planted corn and tobacco, but did not cultivate the ground, and when the fence was down, would repair it; that no further attempt was made to cultivate this small area until 1877, when the defendant ploughed and sowed it in oats.

The court held, and we concur in the correctness of the opinion, that these temporary occupations, separated by long intervals of time, were not in law a possession, sufficient with a deed purporting to convey the estate to vest the title and bar the entry of the legal owner. The possession, to have this effect, must be continuous and uninterrupted for the period of seven years. *Sheppard* v. *Sheppard*, N. C. T. Rep., 108; *Moore* v. *Thompson*, 69 N. C., 120; *Williams* v. *Wallace*, 78 N. C., 354. An interruption of twelve months in such occupation is fatal to the claim of title. *Ward* v. *Herrin*, 4 Jones, 23. And even for a shorter period. *Holdfast* v. *Shepard*, 6 Ired., 361.

Not only must the possession be unbroken for the full period of seven years, but it must be manifested by distinct and unequivocal acts of ownership, as distinguished from successive and occasional trespasses. There have been many cases where the court has been called on to determine what acts do and do not constitute a possession, which by force of the statute will ripen a defective into a perfect title. It has accordingly been held that such possession is shown by,

1. The occupation of pine land by annually making turpentine thereon. *Bynum* v. *Carter*, 4 Ired., 310.

2. Entering upon, ditching and making roads in a cy-

press swamp, and working up the timber into shingles. *Tredwell* v. *Reddick,* 1 Ired., 56.

3. Keeping up fish traps in a non-navigable stream, erecting and repairing dams over it, and using it every year during the fishing season. *Williams* v. *Buchanan,* 1 Ired., 535.

On the contrary, possession is not shown by,

1. Cutting timber for a saw mill, and feeding hogs upon land susceptible of other uses. *Loftin* v. *Cobb,* 1 Jones, 406.

2. Making pole-bridges over a ditch on the side of a public road for driving cattle into a swamp, and the occasional cutting and getting timber therein. *Morris* v. *Hayes,* 2 Jones, 93.

3. Cutting timber for rails every year for a few weeks at a time, on land valuable only for its growth of timber. *Bartlett* v. *Simmons,* 4 Jones, 295.

It is obvious then that the short occupancy of small pieces of the land in 1861 and in 1866, and again in 1877, in the manner described, is not the possession required by law, and cannot aid the defendant's defective title.

II. It is also insisted for the defendant that the grant to Blount was inoperative to convey the land in dispute, by reason of the exception following the description of the boundaries of the tract, and the plaintiff's failure to show that the portion he now seeks to recover is embraced in the exception: The exception is in these words—" Within which boundary there are 13,735 acres of land, entered by persons whose names are hereunto annexed, since the date of said Blount's entries and by his permission ; but as they are not yet surveyed, their situation cannot be delineated." There was no list of names annexed to the grant exhibited in evidence, and no proof that any such ever was, beyond what is furnished by the grant itself.

In *Waugh* v. *Richardson,* 8 Ired., 470, the grant comprised within its boundaries (as ascertained by computation) 8,699 acres of land, and then follows these words—" Including

within its bounds 5,699 acres of land which is excepted in this grant;" and the reservation was declared to be void for uncertainty. "The granting part of a deed," says RUFFIN, C. J., "is not avoided by a defect in the exception, but the *exception itself becomes ineffectual thereby, and the grant remains in force."*

In *McCormick* v. *Monroe,* 1 Jones, 13, the grant was of 500 acres under specified metes and bounds, and contained this reservation—"Including two hundred and fifty acres previously granted which is excepted in this grant." In delivering the opinion, NASH, C. J., remarks: "There is nothing in the grant to show to whom the land (excepted) had been previously granted, nor in what part of the land within the boundaries it was located;" and it cannot "be permitted to restrain the general terms of the grant in which it is contained," and he adds, "the plaintiff having shown a legal title to the whole of the land covered by the grant, if there be a valid title to any portion of it in another person, it was the duty of the defendant to show it." PEARSON, J., delivered a separate opinion and uses this language: "That case (referring to *Waugh* v. *Richardson*) differs from the case now under consideration, in this: here, the exception is 'two hundred and fifty acres previously granted.' This would point to the means by which the description in the exception may be made sufficiently certain to avoid the objection of vagueness, by aid of the maxim, *id certum est, quod certum reddi protest.* * * * So the only question is, upon whom does the *onus* lie? Clearly upon the defendant; he relies upon the exception; it must fall unless it is supported by proof of these facts; *he must therefore furnish the proof which is required,* to bring it within the operation of the maxim."

The proper construction of the very grant now under consideration was before the court in *Melton* v. *Monday,* 64 N. C., 295, and there, the plaintiff showed that among the

names on the list referred to, was this entry, " Gabriel Ragsdale, 100 acres," and proved that under this entry, the grant issued to one Williams from whom the plaintiff derived title. The court held that the exception was valid as to the grant of the 100 acre tract, and say : " By these references the exception of the 100 acres in controversy, is made as certain as if the land had been set out in the grant to Blount by metes and bounds." It seems that the list of names of those whose entries were excepted, was found and produced on the trial of that case; but no such evidence now appearing, we cannot consider the fact nor its effect in the present action.

The cases cited are conclusive of the point before us, unless under the maxim " *omnia præsumuntur contra spoliatorem,*" invoked and so earnestly pressed in the argument, we are to assume that the name of Turner, the grantee, is on the list and would appear if it was produced. We do not think the severity of this rule of evidence can be extended to embrace the facts of our case. It does not appear where the original grant to Blount is, nor whether such list if originally annexed may not have become detached and lost, without default or agency of the plaintiff, or of any of his predecessors in the chain of title; and if so, it would be manifestly unjust to apply the stringent rule to him and deprive him of his property. A certified copy was used as authorized by law, (Bat. Rev., ch., 35 § 9), without suggestion of mutilation or defect, or inquiry as to the absent part, or explanation sought or given. We cannot see that any spoliation has been committed, nor any evidence suppressed or withheld which the plaintiff could or ought to have produced, to admit the application of the rule. If the evidence alleged to be withheld or destroyed, is shown to be unattainable or equally accessible to both parties, as are the registry of deeds and the records in the office of the secretary of state, the presumption *contra spoilatorem* ceases, and

no unfavorable inferences are to be drawn. Broom's Legal Maxims, 906.

It then devolves upon him who claims under the reservation, by proper proofs to bring himself within its terms, (as was done in the last case cited); instead of which, the defendant seeks to remove the burden from himself and put it on the opposing party. The court was not asked to charge the jury as to the force and effect of the alleged presumption upon the plaintiff's rights, and no assignment of error for an omission to give an unasked instruction can, according to the settled practice, be heard for the first time in the appellate court. The defendant's contention, if deemed a request for an instruction, was in substance that the *onus* of showing that the disputed land lay without the reservation, rested on the plaintiff, (in direct repugnance to the ruling in *McCormick* v. *Monroe, supra,*) and this was properly refused.

There is no error in the record, and the judgment must be affirmed.

No error.                                            Affirmed.