JOSEPH SCOTT and others v. THOMAS ELKINS and others.

*Reservations in Grants—Possession, Constructive and Adverse.*

1. The rule announced in *Gudger* v. *Hensley*, 82 N. C., 481, as to the proof in reference to the reservations in grants, commented on and endorsed.

2. The possession by a lessee of a part of a tract of land gives the lessor a constructive possession of the entire tract, but this possession, outside the boundaries of the tenant's actual occupation, will not divest by lapse of time a title superior to that of the lessor.

3. The existence of visible and definite boundary marks is required to enlarge a possession beyond the limits of actual occupation, or a *possessio pedis*, and to confer a right. But an entry under a deed or other instrument purporting to pass land and defining its limits, is in law an entry into the whole tract, except as against a better title to a part not actually occupied; and not only are no visible boundaries necessary, but if they existed, they would be controlled by the conveyance under which the entry was made.

(*Gudger* v. *Hensley*, 82 N. C., 481; *McCormick* v. *Monroe*, 1 Jones, 13; *Melton* v. *Monday,* 64 N. C., 295; *Lenoir* v. *South,* 10 Ired., 237; *Graham* v. *Houston,* 4 Dev., 232; *Dobbins* v. *Stephens,* 1 Dev. & Bat., 6; *Lamb* v. *Swain,* 3 Jones, 370; *McMillan* v. *Turner,* 7 Jones, 435; *Williams* v. *Wallace,* 78 N. C., 354; *Davis* v. *McArthur,* Ib., 357; *Thomas* v. *Kelly,* 13 Ired., 43, cited and approved.)

Civil Action to recover land, tried at Fall Term, 1879, of Buncombe Superior Court, before *Graves, J.*

The defendants appealed from the judgment of the court below.

*Messrs. Reade, Busbee & Busbee* and *J. M. Gudger* for plaintiffs.

*Mr. James H. Merrimon,* for defendants.

Smith, C. J.   The plaintiffs derive title to the land in dispute under a grant from the state issued April 12th, 1798, to William Neel and Joseph Dobson, a deed from the last named grantee made December 8th, 1803, to John Templeton, and a conveyance dated November 2nd, 1807, from him to William Scott, the ancestor of the plaintiffs.   The deeds purport to convey not a moiety, but a sole and absolute estate in fee in the land.   William Scott died in 1842, intestate, and the plaintiffs are his heirs at law.

In 1834, William Scott leased a portion of the premises to John Wilson, who entered into and held possession until his death, for a period of eight years.   The defendants claim under a grant issued November 29th, 1796, to John Gray Blount, a sale and conveyance of part of that described in the grant, by his executors under a power contained in his will, dated in December, 1835, to Robert and James Love, and two title bonds, each for fifty acres, parcel of the land, one dated June 26th, 1838, to Allison Elkins; the other September 18th, 1840, to Pleasant Bankenship.   The plaintiffs exhibited also in evidence a deed executed October 15th, 1850, to said Allison Elkins, conveying ten acres of the tract occupied by the lessee, (Wilson,) and proved that the respective vendees each took possession of the lands described in the contract of sale to him, the former in the summer of 1858, and the latter in the year 1839, and that these are parts of the tract in dispute.

The absence of the plat, so often referred to, produces obscurity in the narrative of facts constituting the case on

appeal, and prevents us from fully understanding the nature and extent of the occupation under the title bonds, and its effect upon the continuity of the adverse possession of the plaintiffs' lessee. Our attention will therefore be confined to the errors assigned by the appellants, and specified in the record, and the rulings of the court therein.

1. We have had occasion heretofore to advert to the non-production of the list of entries within the boundaries of the grant to Blount, which in direct terms are excepted from its operation, and the inferences sought to be drawn from the absent paper, in *Gudger* v. *Hensley,* 82 N. C., 481, and to re-affirm the rulings in *McCormick* v. *Monroe*, 1 Jones, 13, and *Melton* v. *Monday*, 64 N. C., 295, and will merely add that the copy, made evidence by the statute, is certified to be a full and perfect transcript from the book of registration. It must then be assumed that the excepted entries were never attached though referred to in the grant, or that if they were, they have not been registered, and in either case there is no evidence of a suppression or withholding by the defendants, to which the doctrine of presumption *contra spoliatorem* can apply. But the error is not material, since whether the disputed land lies within the operative words of the grant, or among the exempted entries, the result will not be changed.

2. The defendants further except to the ruling of the court, as to the extent of the constructive possession of the lessee, and insist that by law it is limited to the lines of the demised land, and cannot enure to the benefit of the lessor for the entire tract described and conveyed in the deed to him.

While the proposition is correct as applied to the relations subsisting between the parties to the lease, and the lessee is only in possession of the part embraced in the contract, yet as against all others having a superior title to the invaded portion of the premises, or without title, the posses-

sion by the lessee is an assertion of the lessor's right to the entire land of which it forms a part, and extends his constructive possession, through the tenant, to its boundaries. This possession will not divest a superior title to a part outside the actual occupancy, for the reason that no action could be maintained by the true owner, and a constructive possession not exposing one to an action does not take away or impair an uninvaded legal right. It is by reason of acquiescence in a prolonged and continuous adverse holding, and the failure of the owner to assert his claim by entry or action, when the action will lie, that an imperfect ripens into and becomes in law a perfect title. The rule was correctly laid down in the instructions to the jury and is abundantly supported by authority. *Lenoir* v. *South,* 10. Ired., 237; *Graham* v. *Houston,* 4 Dev., 232; *Dobbins* v. *Stephens,* 1 Dev. & Bat., 6; *Lamb* v. *Swain,* 3 Jones, 370; *McMillan* v. *Turner,* 7 Jones, 435; *Williams* v. *Wallace,* 78 N. C., 354; *Davis* v. *McArthur, Ibid,* 357.

3. It is next contended that to give effect to the seven years adverse occupancy under color of title, it must be "under known and visible lines or boundaries," distinctly pointing out and defining the land.

We concur in the instructions given to the jury on this point also. The existence of visible and definite boundary marks is required to enlarge a possession beyond the limits of *actual occupancy* or a *possessio pedis,* and to confer a right. But an entry under a deed or other instrument purporting to pass land, and describing and defining its limits, is in law an entry into the whole tract, except as against a better title to a part not actually occupied; and not only are no visible boundaries necessary, but if they existed they would be controlled by the conveyance under which the entry was made. The principle governing in such case is thus stated by Ruffin, J.: " Where one enters under a conveyance of some colorable title for a particular parcel of land, then the

rule is that possession of part is *prima facie* possession of the whole not occupied by another, which may be safely acted on, *as the documentary title defines the claim and possession.* But it is clearly otherwise where one enters without any such color of title; for then is there nothing by which his possession can be constructively extended an inch beyond his occupation." · *Thomas* v. *Kelly,* 13 Ired., 43.

As therefore under the instructions of the court the jury find the issues for the plaintiffs, and among them, that the possession under the deed from Templeton to Scott, which undertakes and in form is sufficient to convey the absolute and sole estate in the land, has been *continuous* and *unbroken* for more than seven years through the tenant of the bargainee; the legal effect of the finding is to vest and perfect his legal title to the land, and it is not important whether the defendants acquired or did not acquire an estate under the Blount grant. If the title was in the defendants, or any of them, or outstanding in a stranger, not under disability, it is divested and the right of entry tolled. The exceptions are untenable and the verdict must not be disturbed.

Before concluding the opinion we will call attention to the careless manner in which the record comes before us and point out some of its imperfections. The issues were framed to meet the controverted allegations of fact presented in the original complaint and answer, and are not modified to meet the changed aspect of the case shown in the subsequent amendments. As an illustration of the incongruity, the issue is as to the title of *Joseph Scott,* in whose name alone the suit was brought, disregarding the numerous others afterwards by amendment associated as plaintiffs with him. We are therefore compelled to interpret the general finding set out in the record as applying to all disputed questions of fact arising upon the pleadings as amended. The absence of the plat to which frequent reference is made, as has been before observed, is calculated to lead to a mis-

apprehension of the facts of the case. Facts are stated and not relied on, such as the interfering possession under the title bonds which may have the effect of breaking the continuity of the possession by the lessee, and defeat his acquisition of the estate by occupancy for his lessor.

Our determination of the case therefore depends upon the decision of the points of law raised by the exceptions alone and in them we find no error.

No error.                                                    Affirmed.