JAMES RADFORD v. C. W. EDWARDS.

*Deed—Description of Land.*

A deed (or bond for title as here) as follows: " For fifty acres of land situate and lying on the head-waters of Elk Shoal creek as far as the waters of Radford creek, to interfere with no land before sold "; *Held*, that the description is not sufficient to admit parol evidence to identify the land.

(*Dickens* v. *Barnes*, 79 N. C., 490; *Farmer* v. *Batts*, 83 N. C., 387; *Scott* v. *Elkins*, *Ib.*, 424; *Gudger* v. *Hensley*, 82 N. C., 481, cited and approved).

EJECTMENT tried at Fall Term, 1882, of YANCEY Superior Court, before *Avery, J.*

Defendant appealed.

*Messrs. Battle & Mordecai*, for plaintiff.
*Mr. J. M. Gudger*, for defendant.

SMITH, C. J. In the year 1832, John Gray Blount owned, as did Robert Love and James R. Love in the year 1840, a large tract of land within whose boundaries lies that in dispute, which, the two latter in the year last named, conveyed to Thomas Gardner in a deed containing this reservation: "Not to interfere with

any lands heretofore sold which are excepted." Thence the plaintiff deduces his title to the land of which that contested and claimed by the defendant forms a part.

On August 9th, 1832, John Gray Blount, then the owner, by his agent, James R. Love, entered into a contract with Stephen Parker and gave him a bond in which he covenanted, on payment of the purchase money, to execute to him "a deed of conveyance for fifty acres of land, situate and lying on the head-waters of Elk Shoal creek, as far as the waters of Radford creek, to interfere with no land before sold." This bond was subsequently assigned to the defendant.

The contention of the defendant is that the land mentioned in the title bond, having been previously sold by Blount while owner of the whole, is not embraced in the descriptive words used to designate the subject matter of the conveyance to Thomas Gardner, but constitutes a part of the reservation, and hence does not pass under that deed, but belongs, at least the equitable estate therein, to the defendant.

The sole inquiry, then, is as to the sufficiency of the description contained in the bond to identify and define the land, so as to bring it within the exception of "*any lands heretofore sold*," in the deed of Robert and James R. Love.

Upon the question of location, a plat, of which a copy accompanies the transcript, was introduced, showing the position of the two creeks mentioned in the bond, over the intervening space between which the land was attempted to be placed, in figures nearly or quite square, its opposite sides reaching to the creeks. The description does not give the shape, but only the area of the land, and two natural objects which it touches; and as these do not communicate with each other, and the length of the boundary not given on either, and nothing whatever said about the manner of running from one to the other, it is manifest that the land cannot be definitely located, and the description is two vague and defective to be fitted to any place.

The court accordingly instructed the jury that "if the descrip-

tion in the bond to Stephen Parker was upon its face so uncertain that a specific performance could not be enforced, and parol proof was admissible to locate it, the defendant had offered no testimony upon which the jury can find that the bond covers the land in dispute." To this charge the defendant excepts, and it is the only point presented in his appeal.

If there is any error in the ruling, it is in permitting any evidence to be heard in aid of the manifest imperfect description, and not telling the jury it was in law incapable of being applied to any land. Of this the appellant cannot complain in being allowed to make the attempt to locate.

As land, unless it has, as a tract or lot, acquired a name to distinguish it and by which it is known, can only be ascertained by boundary lines, and separated from all other, the necessity of identifying by a description which admits of a definite location is obvious; and where this cannot be done, no title to it as a distinct portion can pass by the deed or written instrument, the sole office of parol evidence being to fit the description to the thing described and not to add to the words of description. Further, the description in connection with the established rules of interpretation must constitute an enclosing boundary.

In *Dickens* v. *Barnes*, 79 N. C., 490, it is held that a deed for land, describing it as "one tract of land lying and being in the county aforesaid, adjoining the lands of John I. Phelps and Norfleet Pender, containing twenty acres, more or less," was inoperative even as color of title, and the insufficient designation could not be aided by parol. *Farmer* v. *Batts*, 83 N. C., 387.

Recurring to our own case, it may be asked how can the surveyor find a starting point on either creek? And if he could, how far, if he pursues the course of the creek, is he to run, and where stop for a corner? In what direction will he go thence to the other creek, and where find a corner there? And how will he get back to the assumed beginning? These inquiries find no solution in the instrument, and the runnings must be wholly arbitrary in order to ascertain where the fifty acres lie. There is not furnished even any *indicia* of the form of the land; and if form

were given, the locations could be made indefinite in number, and all fulfilling equally the conditions and requirements of the language of the bond.

We therefore sustain the rulings of His Honor that no equitable estate is created, under the contract, in any distinct and separate parcel of land, to remove it from the operation of the deed to Gardner, and the judgment must be affirmed. *Gudger* v. *Hensley,* 82 N. C., 481; *Scott* v. *Elkins,* 83 N. C., 424, and cases cited.

No error.                                              Affirmed.