JOHN McMILLAN et al. v. WILLIAM GAMBILL.

*Action to Recover Land—Adverse Possession—Color of Title—Grant—Survey—Entry—Verbal Conveyance.*

1. An entry was made in the entry-taker's office in Wilkes County in 1798, of lands, and they were surveyed, by virtue of a warrant issuing therefrom, in 1799. The county of Ashe, embracing the lands in question, was formed in 1800. A grant was issued in 1801 for these lands upon the said survey and entry: *Held*, such grant was not void, and was admissible in evidence to show title out of the State.

2. A., the plaintiff in an action to recover land from B., the defendant, both being heirs at law of one M., claimed under a deed from M.'s administrator to his father, and showed exclusive possession in himself and father for twenty-five or thirty years. The defendant claimed under one P., who bought, orally, of plaintiff's father, and went into possession under verbal arbitration, and that plaintiff and defendant were tenants in common: *Held*, (1) that the deed from the administrator was color of title; (2) that twenty years' adverse and exclusive possession would protect against claims of tenants in common; (3) that the time between May 20, 1861, and January 1, 1870, should not be counted.

3. The defendant will not be allowed, for the first time in this Court, to raise questions as to whether plaintiff offered sufficient evidence to go to the jury to show the sufficiency of his possession.

This was a CIVIL ACTION, for recovery of land, tried before *Clark, J.,* and a jury, at Fall Term, 1888, of ASHE Superior Court.

Plaintiff introduced in support of his title, and to show title out of the State, a grant from the State to Martin Gambill for 900 acres of land in Wilkes County, entered in 1798, surveyed in 1799, and granted in January, 1801, which said grant described the land (following the description in the entry and survey) as lying in Wilkes County, from which Ashe was formed in 1800. It was in proof that said land covered the *locus in quo* within its boundaries. The defendant asked the Court to exclude the grant as void. This was refused, and defendant excepted.

Plaintiff then introduced the will of Martin Gambill and deed from his administrator to plaintiff's father, James McMillan, in 1814, for the land in controversy. The plaintiff introduced evidence that his father and himself had been in sole and exclusive possession of said land, under said deed, at least twenty-five or thirty-five years within knowledge of witnesses still living.

The defendant introduced evidence that one Pugh, claiming to have bought, orally, the land from plaintiff's father, and being in possession of it, had submitted his claim and defendant's verbally to arbitration, and it being awarded to defendant, Pugh had surrendered possession to defendant, who still holds it. No written instrument was offered to show title in Pugh, and defendant did not claim his possession was protected or ripened by lapse of time. It was admitted that plaintiff and defendant were both grandchildren and heirs at law of Martin Gambill.

The defendant asked the Court to charge that the deed made by Martin Gambill, administrator, was void, and that plaintiff and defendant were tenants in common, and plaintiff could not recover, and if Pugh bought verbally from plaintiff's father, defendant was entitled to a notice to quit.

The Court told the jury that the deed of Martin Gambill, administrator, was color of title, and that if the plaintiff, and those under whom he claimed, had held the land solely, exclusively and adversely to all others for more than twenty years consecutively, that it would protect them against the claims of tenants in common, there being no suspension of statute by reason of coverture or infancy shown; that in making out the twenty years, the time between May 20th, 1861, and January 1, 1870, was not to be counted; that if plaintiffs had acquired title by twenty years' consecutive possession, it could only be divested by twenty years' adverse possession by defendant, or by seven years' possession under color of title.

Exception by defendant. Verdict for plaintiff. Judgment. Appeal by defendant.

*Mr. J. N. Holding*, for plaintiff.
*Messrs. T. F. Davidson* and *W. C. Fields*, for defendant.

AVERY, J.—after stating the facts: The formation of the county of Ashe, in the year 1800, did not destroy the validity of an entry covering land within the boundaries of said county, but made in the entry-taker's office of Wilkes County in 1798, and surveyed by virtue of a warrant issuing from said office in 1799; nor is a grant that issued for said land upon said survey and entry in January, 1801, void. The grant was admissible, and was sufficient, if located so as to include within its boundaries the disputed land (as to which there was no controversy), to show the title out of the State.

His Honor refused to charge the jury that a deed made by the administrator of Martin Gambill was void for all purposes, and, upon his refusal, rests the only remaining exception. Being a deed in form, it purported to pass the fee, and was unquestionably color of title. *Ellington* v. *Ellington*, 103 N. C., 54; *Avent* v. *Arrington* (decided at this

term). The jury were properly instructed that, though it was shown that the State had issued a grant to Martin Gambill for the land in controversy, the plaintiff must have shown continuous adverse possession, exclusive of the time elapsing between May 20th, 1861, and January 1st, 1870, under the deed from the administrator, in order to entitle him to recover the land against the defendant, who was tenant in common with him. *Page v. Branch*, 97 N. C., 97; *Breeden* v. *McLaurin*, 98 N. C., 307. The exception raises only the question whether the deed was available as color of title to ripen the plaintiff's possession, if undisturbed, open, continuous and adverse for twenty years.

His Honor was not put on notice to send up all of the testimony bearing upon the length of the occupancy by plaintiff under his deed, and the defendant will not be allowed, under the rules, and the construction given to the law by this Court, to raise the question here for the first time, that there was not sufficient evidence to go to the jury to prove such possession. *McKinnon* v. *Morrison*, 104 N. C., 354.

There is no error.                    Affirmed.