H. P. WYMAN v. F. W. TAYLOR, JAMES CRATE and H. A. JOHNSON.

(Decided April 11, 1899).

*Grants, Senior and Junior—Entry—Registration—Voidable and Void Reservations.*

1. An entry of public land in 1852 unless followed up by a survey and a grant before December 31 of the second year thereafter, the law declares shall be null and void. Rev. Code, ch. 47, sections 8 and 9. Even an equitable claim to a grant by reason of an entry will not extend beyond the time limited by law for the perfecting of title.

2. The *"Cherokee lands"* were open to entry and grant with the proviso under the Act of 1854-'5 that no more than 640 acres should be included in *one entry. Several* entries of 640 acres each made on the same day are permissible, although included in the same survey and grant and in outer boundaries containing the whole—or if irregular, the irregularity is cured by section 2761 of The Code, and the title validated.

3. Reservations in a grant too general to be located are void, and the grant is operative as to the whole, but if they can be located, both grant and reservations are good—the burden of identifying the reservation, where the grant is general, rests upon the claimant to it.

4. A grant conveying more *acreage* than the amount called for in the grant is not void.

5. Parties in interest, entitled to vacate a grant, may bring an action to set it aside—by a direct proceeding, but not by a collateral attack upon the grant; or it may be done under The Code by way of equitable counterclaim, if all the parties are before the Court.

6. The Registration Act of 1885, chapter 147 (known as the Connor Act), does not apply to grants—their registration is regulated by The Code, section 2779.

7. The Act of 1897, chapter 87, extending the operation of section 2784 of The Code, and validating registration made subsequent to formation of new counties, and changes made in county lines, applies to this case.

CIVIL ACTION for trespass *quare clausum fregit,* tried before *Robinson, J.,* at August Special Term, 1897, of SWAIN Superior Court.

The plaintiff not being in possession, the case turned upon the issue of title. The plaintiff claimed under a grant to W. L. Love issued in 1872. The defendants claimed under grants issued to Cooper and Goodhue in 1885. The grants of both plaintiff and defendants covered the *locus in quo,* and the plaintiff insisted as his was the oldest, his title was the best. The various grounds upon which the defendants insisted that the grant of plaintiff was invalid and that theirs constituted the superior title are set forth in the opinion.

Verdict and judgment for plaintiff. Exception and appeal by defendants.

*Messrs. F. A. Sondley, Ferguson & Ferguson* and *J. W. Cooper,* for appellants.
*Messrs. Davidson & Jones,* for plaintiff.

FURCHES, J. This is an action of trespass *quare clausum fregit,* and the plaintiff not being in possession of the lands trespasssed upon, the question of title is involved.

After much skirmishing between the parties as to the location of lines and as to whether defendants could be held liable for trespasses committed by their servants, the contest became one of title. Upon this field, each side marshaled its forces and the battle proceeded with great fierceness and for many days.

The plaintiff claimed under a grant to W. L. Love issued in 1872, while defendants claimed under several grants issued to Cooper and Goodhue in 1885. The plaintiff's grant (the Love grant) is shown to cover the *locus in quo,* while defendants' grants (Cooper and Goodhue) also cover the *locus*

*in quo,* and plaintiff contends that as his is the oldest grant, he is entitled to recover. But defendants contend that he is not entitled to recover for that the plaintiff's grant is void, for many reasons, which they assign; and for the further reason that their grants are founded upon entries made by one Davis in 1852, and are entitled to a priority to the Love grant, which was not entered until 1871. But it is so manifest that the entries of Davis in 1852 have no bearing on the question that we dispose of that contention first: The Revised Code, which contained the statute law with regard to entries and grants in 1852, provides that if an entry is not surveyed and a grant taken out thereon before the 31st of December of the second year thereafter, they shall be null and void. Rev. Code, Chapter 47, sections 8 and 9. It is the policy of the State to bring its public lands into market, and it will not allow an enterer to hold even an equitable claim upon them, by reason of an entry, beyond the time limited by law for the perfection of title. *Stanly v. Biddle,* 57 N. C., 383; *Plemmons v. Fore,* 37 N. C., 312. The defendants can therefore derive no benefit or relief, at law or in equity, from the Davis entries. This being so, the plaintiff's right to recover depends upon the validity of the Love grant.

Defendants claim that the Love grant is void for the reason that the lands embraced therein are "Cherokee Lands" and were not the subject of entry and grant, while they claim to derive title to a part of the same lands, based upon entries made by Davis in 1852. While this may seem to be inconsistent, it will not benefit the plaintiff if it were true that said lands were not open to entry and grant until after 1871, when the entries in the Love grant were made. If this were true, it would avoid the Love grant and would also avoid the grants under which defendants claim. *Stanmere v. Powell,* 35 N. C., 312. But it seems that these lands were open to

entry and grant by the Acts of 1854–'5, which had been done to a limited extent by the Acts of 1852. It is true that the Acts of 1854–'5 provided that not more than 640 acres should be included in *one entry*. The entries upon which the Love grant is based seem to have observed the requirements of this statute, by not including more than 640 acres in any one entry. But a number of entries were made adjoining each other, and in making the survey and plat for the purpose of taking out the grant, they were all surveyed together, and but one general boundary line made, which included the several entries. The defendants contend that this was a violation of the statute and that the grant is *void* on this account. But it does not seem to us that it is so. The lands belonged to the State, and it had the right to grant them; it was to its interest to do so; it was the policy of the State to grant these lands to *bona fide* citizens who would reside upon, clear and improve them, and to keep them out of the hands of speculators as much as possible. This policy, it seems to us, was a good one and should have been observed, if it was not. But if Love did not observe the rule prescribed by the Legislature in its spirit, he seemed to have done so in the letter, as to making the entries. And the State has accepted his survey made upon these several entries, taken its pay and granted him the lands. It must therefore be supposed that the State considered his entries and his survey and plat a substantial compliance with the statute, or it must have considered this provision of the statute as only directory, and the entries, survey and plat a substantial compliance with the statute. However this may be, they seem to us to be but irregularities that do not vitiate and avoid the grant. Such irregularities seem to be expressly provided for in section 2761 of The Code and the grantee's title validated, if it were defective as contended by defendants.

It is also contended by defendants that the Love grant is invalid—void—for the reason that it appears from the grant that the boundary includes other lands theretofore granted, and which are excepted from the operation of that grant. We do not think so. If the reservations had been general in their terms, without pointing their location or referring to something by which they could be located, the reservations would have been void and the grant would have been operative as to the whole territory included within its boundaries. *Waugh v. Richardson,* 30 N. C., 470; *McCormick v. Munroe,* 46 N. C., 13. But where the reservations are located or the data is given by which they may be located, the reservation is good and the grant is also good and conveys that part of the boundary not embraced in the reservations. *McCormick v. Munroe, supra.* The fact that it is stated in the grant that the part reserved has heretofore been granted, affords the data by which the reservations may be located, and this being so, both the grant and the reservations are good. But the grant being general, the burden is on the party claiming the benefit of the exception (the reservation), to locate the same, he being supposed to be in possession of the prior grant, if he is the owner. *Barnhardt v. Brown,* 122 N. C., 587; *Iron Co. v. Edwards,* 110 N. C., 353; *Gudger v. Hensley,* 82 N. C., 481. So, if defendants claimed that their grants covered territory within the reservations contained in the Love grant, the burden would be on them to show this. But defendants do not claim under grants, or titles derived from grants for the reserved lands mentioned in the Love grant.

They claim under a grant to Cooper and Goodhue, issued since the Love grant. They claim that the grant contains more land than is called for in the entries; that this is a fraud upon the State and that the Love grant is void on that account. But when the parts reserved are deducted from the amount

named in the grant, it is found that the acreage conveyed by
the grant is but little more than the amount stated to have
been granted. But if the amount of acres contained in the
grant were very much greater than the amount called for in
the grant, this fact would not make the grant *void. Barnhardt
v. Brown, Iron Co. v. Edwards* and *Gudger v. Hensley, supra.*

The defendants, being interested in the lands covered by
their grants, and the State no longer being interested in
them, have a right to bring an action to vacate and set aside
plaintiff's grant. *State v. Bland,* 123 N. C., 739. But this
must be done by a direct proceeding, and not by a collateral
attack upon the grant. *Stanmire v. Powell, supra; Dugger
v. McKesson,* 100 N. C., 1. This, it seems to us, might be
done under The Code by way of equitable counterclaim, if
all the necessary parties were before the Court. But if they
could do this, they have not done so in this case. The whole
effort of the defendants has been to show that the grant to
Love is *void* and not that it is *voidable.* If it is *void* it con-
veys no title, and plaintiff has no cause of action against de-
fendants. But if it is not void, though it may be voidable, it
is good as against defendants until it is declared void by a
Court having jurisdiction to do so.

While defendants have the right to bring an action to set
aside the grant under which plaintiff claims title, it would do
them no good to bring such a suit, unless they have grounds
that would enable them to maintain their action and to have
the grant set aside.

The only remaining questions necessary to be noticed are
those connected with the entries upon which the Love grant
was taken out, and the registration of this grant. The entries
were made in Macon County and the lands are in Swain
County. The grant was registered in Macon County in 1873,
but was not registered in Swain County until 1889. The

defendants' grant was registered in Swain County in 1885. The defendants contend that, leaving out of consideration all other questions, they are the owners of the land covered by their grants, under Chapter 147 of the Acts of 1885, as their grants were registered first in Swain County and without notice of plaintiff's title. This question seems not to have been developed on the trial, and if the case hinged upon the (Connor) Act of 1885 it may be that we would have to send it back that the point might be developed, and the question of notice presented and tried by the jury. But as it does not seem to depend on the Act of 1885, it was not necessary to have that issue submitted and passed upon at the trial.

These lands were all in Macon County until the erection of the county of Swain. This was done by the General Assembly in February, 1871, but it was provided that the county government of Macon County should extend over the territory of the new county until it should elect its county officers and they should be qualified and inducted into office in June, 1871. The entries, surveys and plats for the Love grant were all made before the time fixed for the organization of Swain County. Therefore the entries were made in Macon County, and the surveys and plats made by the surveyor of Macon County. This seems to have been proper, and the only place the entries could have been made, and the surveyor of Macon County was the proper officer to make the surveys and plats. The grant was not issued until the 2d of May, 1872, but it was issued upon the entries, surveys and plats in Macon County. This grant was registered in Macon County in 1873, but was not registered in the new county of Swain until 1879. It was not void, but good. *McMillan v. Gambill,* 106 N. C., 359.

Upon examination it is found that the Act of 1885 repealed section 1245 of The Code and is substituted in its place, while

the statute providing for the registration of grants is section 2779 of The Code, thus showing that the Act of 1885 had nothing to do with the registration of grants from the State. The Act of 1885 does not use language applicable to a grant; it uses the term "conveyance of land" from the "donor, bargainor or lessor," showing that grants from the State were not in the mind of the draftsman or the minds of the Legislature when the Act was passed. This being so, the law with regard to the registration of grants remained as it was before the passage of the Act of 1885, and the fact that defendants' grants were registered in Swain County before the grant to Love was registered in that county did not give them the title. And as the registration of defendants' grants did not give them the title, whenever the Love grant was registered it gave the grantee Love the title. *McMillan v. Gambill,* 106 N. C., 359. But it was registered in Swain County in 1879 and it seems that if there was any doubt as to the right to transfer this registration from Macon to Swain County, that any such doubt must be removed by the Act of 1897, Chapter 37.

The plaintiff, having shown title in himself to the lands trespassed upon, is entitled to recover damages out of defendants for the trespass. The judgment must be affirmed.