J. Q. BARKER v. J. L. AND C. F. DENTON.

(Filed 21 May, 1909.)

**State's Lands—Enterer—The Code, sec. 2766—Time for Payment.**

The end of the year in which an entry of the State's vacant and unappropriated lands is made, and not the day of the year, is the date from which the enterer may compute the time in which he must pay for the lands entered, under The Code, sec. 2766, requiring that the land "shall in every event be paid for on or before the 31st day of December which shall happen in the second year thereafter," or the entry shall be null and void. Hence lands entered thereunder on 16 November, 1904, and paid for 31 December, 1906, meets the requirement of the statute.

ACTION from GRAHAM, Spring Term, 1909, heard by *Ward, J.*, by consent, at Murphy.

Defendants appealed.

*Dillard & Bell* for plaintiff.
*A. S. Barnard* for defendant.

WALKER, J. The plaintiff, J. Q. Barker, entered the land in controversy, on 16 November, 1904, and caused a survey thereof to be made, but did not pay the purchase money to the State until 31 December, 1906, when a grant was issued to him. The defendants, C. F. Denton and J. L. Denton, entered the same land, on 7 December, 1906, and, on 5 January, 1907, the plaintiff, J. Q. Barker, filed a protest against the issuing of a warrant of survey thereon, as allowed by the statute. The court sustained the protest, and defendants appealed. The question presented for our consideration is, whether the entry of the plaintiff had lapsed when the defendants laid their entry. In other words, whether the plaintiff had until 31 December, 1905, or until 31 December, 1906, to pay the purchase money, and this depends upon the meaning of section 2766 of The Code, which is as follows: "All entries of land made in the course of any one year shall, in every event, be paid for on or before the thirty-first day of December which shall happen in the second year thereafter; and all entries of land not thus paid for shall become null and void, and (the land) may be entered by any other person." The question was decided against the present contention of the defendants in the case of *Harris v. Ewing,* 21 N. C., 369.

The Court in that case construed the act of 1808, which was substantially like section 2766 of The Code, the only difference being that, by the act of 1808, the purchase money was required to be paid on or before the 15th day of December, while by section 2766 of The Code it is required to be paid on or before the 31st day of December. In other respects the two statutes are identical. In *Harris v. Ewing, supra,* the Court, by *Ruffin, C. J.,* said: "The act of 1808 (Revisal, ch. 759) enacts, 'as the standing law in the future, that entries made in the course of any one year shall be paid for on or before the 15th day of

December in the (second) year thereafter.' Upon these words, the period is not to be computed from the day of the entry, so as to make the price payable in the second December that may succeed the making of the entry. If that had been meant, it would have been easy to express it much more explicitly than it is. We think the year of the entry, and not the day, is the epoch from which the computation of the act begins. The 15th of December of the second year after the expiration of the year of entry is the time, as seems almost necessarily inferable from the words 'made in the course of any one year,' which make 'therefore' referable to that whole year, and not the particular day of that year. This construction is so obvious that its correctness was taken for granted by this Court in *Nunn v. Mulholland,* 2 Dev. Eq. Rep., 381. If it were doubtful, the Court would not be at liberty now to depart from it, as we learn, upon inquiry at the executive offices, that a similar one was adopted there upon the passage of the act of 1804, ch. 653, and has been acted on ever since. A very clear wording could alone authorize a construction in opposition to one so long settled by the officers to whom the execution of the act is immediately confided, and under the annual practical sanction of the members of the Legislature, through whose hands, it is well known, their constituents remit a large portion of the purchase money due on entries. Our opinion, therefore, is that the plaintiff's payment was made in due time." This ruling was afterwards expressly approved in *Bryson v. Dobson,* 38 N. C., 138, and *Horton v. Cooke,* 54 N. C., 270, and has been understood to be the settled construction of this law. It is true that in several more recent cases there are some expressions indicating that the payment of the purchase money was required to be made, under The Code, on or before December 31st of the second year after the entry was made, but it is evident that the Court, or the judge speaking for it, was not advertent to the phraseology of the statute, nor to the previous decisions of this Court, in which it had been construed. The case upon which the defendants chiefly rely is *Wilson v. Land Co.,* 77 N. C., 445. It will be observed, upon reading that case, that the Court cites *Plemmons v. Fore,* 37 N. C., 312, for the statement, which appears to be a *dictum,*

that the money should have been paid by G. N. Folk, the enterer, on or before December 31st of the second year after the entry was laid. Referring to *Plemmons v. Fore*, we find that the question was not presented in the case. The opinion in the latter case was written by *Chief Justice Ruffin*, who also wrote the opinion in *Harris v. Ewing*, which is cited by the learned Chief Justice in *Plemmons v. Fore* as the leading authority for determining the time within which the purchase money should be paid under the act of 1808.

In the other two cases cited by the defendants, *Gilchrist v. Middleton*, 108 N. C., 705, and *Kimsey v. Munday*, 112 N. C., 816, the expressions upon which they rely were *dicta* contained in a casual reference to the statute without paying any special regard to its wording. We must adhere to the ruling of the Court made in cases where the very question was presented and decided, and this requires us to affirm the judgment of the court below by which the protest of the plaintiff was sustained upon the facts as found by the judge.

Affirmed.