Pearson, J.
 

 The allegation of a fraudulent
 
 delay, on the
 
 part of the defendant, to make the plaintiff’s survey, is positively, lully, and fairly denied by the answer; which, in this stage of the proceeding, is taken to be true. A question is raised, whether the plaintiff’s entry was made before the defendant’s was revived by the Act of J844. This involves the consideration, whether the fractions of days are to be estimated : whether there be not a distinction between an Act taking effect from and after
 
 its
 
 ratification, and from and after the
 
 day of its
 
 ratiñcation ; whether legislative proceedings do not relate
 
 to
 
 the
 
 first moment
 
 of the day, on which they go into effect; and what would be the rights of the parties, if both entries take effect at the same time.
 

 It is
 
 unnecessary
 
 to enter into a consideration of the question of time, about which so much learning and so many nice distinctions are met with in the books; for, there is a plain principle, settled by two decisions of this Courf, which is fatal to the plaintiff's case.
 
 Harris
 
 v.
 
 Ewing,
 
 1 Dev. & Bat. Eq. 369.
 
 Johnson
 
 v.
 
 Shelton,
 
 4 Ire. Eq. 85.
 

 
 *89
 
 When one makes an entry so vague as not to identify the land, such entry does not amount to notice, and does not give any priority of right, as against another individual, who makes an entry, has it surveyed, and takes out a grant. By a liberal construction of the iau\ such entries are not void, as against the State. It is not material to the State what vacant land is granted ; bnt such entries are not allowed to interfere with the rights of other citizens, and are not susceptible of being notice to any one, because they have no identity. It would be taking advantage of his own wrong, for one to make a younger entry, and afterwards take from another land, which ho had, in the mean time, entered and paid for.
 

 When an entry is vague, it acquires no priority', until it is made
 
 certain
 
 by a survey. The good sense of this principle will strike every one, as soon as it is suggested.
 

 Both the entries in this case are vague, — they have no beginning corner — no lines are called for, and the genera! description will fit one piece of land, as well as another, on the heads of Beaver and Big Cross Creek. They' are " floating” rights upon either Creek, and the first survey and grant give the title.
 

 There is another fact which makes the principle apply even more forcibly to the plaintiff’s case. He had a survey upon his entry, and located his land, in 1846. Admit, that, as against the State, the plaintiff is not concluded by his election, and that the same liberal construe ■ tion will allow him to shift his location to other vacant land by a second survey, before he takes his grant; this cannot be tolerated, as against an individual, who, before the second survey, makes an entry and takes out a grant. The plaintiff’s entry was too vague. He locates his land by the first survey; this is notice to others, at least until the second survey, that the surrounding land is vacant. It would be most unreasonable to allow him to shift his
 
 *90
 
 location, and call upon another, who had perfected his title, to make a conveyance to him.
 

 We think his Honor erred in refusing the motion to dissolve the injunction, and ordering it to be continued, until the hearing.
 

 The injunction should have been dissolved. This opinion will be certified to the Court below'. The plaintiff will pay the costs of this Court.
 

 Per Curiam.
 

 Ordered accordingly.