Battle, J.
 

 There is not much difficulty in determining the relative rights of these parties, if we attend to the dates of their respective entries, and grants. The plaintiff made his entry on the 21st day of September, 1847, had it surveyed the 25th day of January, 1850, and obtained his grant on the 1st day December, in the same year. The defendant’s entry was made on the 4th day of November 1844, and although the date of his survey is not particularly stated, yet we infer from the pleadings, that it was after that of the plaintiff’s: but his grant was prior to the’ plaintiff’s; to wit: the 11th day of March 1850. It appears then, that the defendant precedes the plaintiff, both in making his entry and obtaining his grant. But the plaintiff seeks to .avoid the effects of that priority, so far as the entry is concerned, by alleging that when his survey was made, the defendant was present, and by his fraudulent representations, induced the plaintiff to include in it, lands for which the defendant afterwards obtained his grant. lie contends, also, that the defendant’s entry was too vague, indefinite, and uncertain to be of any force against his entry and survey, because his survey was prior to that of the defendant, which he insists gives to him the effect of a prior entry, of which the defendant had notice at the time when he obtained his grant. But if this be not so, then the plaintiff contends that the act of 1850, ch. 59, See Ire. Dig, Man. page 182, by virtue of which the defendant had the
 
 *273
 
 right to' talce out his grant, contains a
 
 proviso
 
 by which the plaintiff’s right-as a junior enterer was saved.
 

 Neither of the grounds of defence, against the effects of the defendant’s prior entry and grant, can avail the plaintiff. The allegation of fraud and misrepresentation is expressly denied and disproved by the defendant. As to that, then, the •plaintiff fails upon the question of fact. The objection to the vagueness and uncertainty of the defendant’s entry, and its effects upon his rights, is equally against the plaintiff. Such an objection would have come with more force from the plaintiff, to repel the allegation of notice of the defendant’s entry, if he had obtained the first grant; hut in truth, the defendant’s entry was sufficiently definite, and certain to fix the plaintiff with the actual notice which, it is clear from the proofs he had of it. It specifies a certain tree, in a certain line of another tract of land, at which it commences; and it mentions the head waters of the creek on which, and the tracts of land belonging to other persons, between which it is located. In that respect it differs materially from the entries set forth in the case of Johnson v. Shelton, 4 Ired. Eq. 85; Monroe v. McCormick, 6 Ired. Eq. 85, and Fuller v. Williams, Busb. Eq. Rep. 162, and is sufficient to sustain the proof of actual notice of it, according to the principles established in the case of Harris v. Ewing, 1 Dev. & Bat. Eq. 369.
 

 The last and main ground upon which the plaintiff contends that, he is entitled to relief is, that at the time when he made his entry, the defendants entry had lapsed, and the acts of 1848 ch. 54, Sec. 2, and 1850 ch. 59 sec. 2, which gave further time for paying the purchase money to the State, and perfecting the title contains a
 
 proviso
 
 in favour of- junior entries by virtue of which his, the plaintiff’s, right was made the preferable one. That would have been true, had the plaintiff after making his entry, proceeded to pay the purchase money, and take out his grant within the time prescribed by law, Bryson v. Dobson, 3 Ired. Eq. Rep. 138, Buchanon v.
 
 *274
 
 Fitzgerald 6 Ired. Eq. 121. But unfortunately for tire plaintiff, Iris entry lapsed by reason of Iris not Raving paid the purchase money, and taken out his grant, on or before -the 31st day of December 1849, 1 Rev. Stat. ch. 42 sec. 10. Tie was therefore compelled to claim the aid of the act of 1850, ch. 59 sec. 2, which extended the time for the benefit of the defendant’s entry, as well as for his own. They both then stood upon the same footing, and we can see no reason why the defendant’s equity is not as good as that of the plaintiff, and thus give application to the maxim that “
 
 gui prior esi tempore portior est jure.”
 
 Indeed in the case of Bryson v. Donsosr, the court say,
 
 arguendo,
 
 that the law is so “ when applied to two entries, which had both lapsed, and were both revived by the act. As neither could get the land, but by that act, they stand on the same ground, and then the general principle applies, that priority of time in making payment creates a priority of equity.” The act to which reference was made, was the act of 1842 ch. 35 sec. 2, the object of which is the same as that of 1850 ch. 59, and the latter must receive the same construction in this respect, as the former. The bill must be dismissed wi-h costs.
 

 Decree accordingly.