Pearson,
 
 J.
 

 Where the terms of description in which an entry is made are so vague as not to identify any land, the entry is not void, and the defect may be cured by the survey, so as to make the grant which issues in pursuance thereof, valid as against the State. This liberal construction of the law is put on the ground that it is not material to the State what vacant land is granted.
 
 Munroe
 
 v.
 
 McCormick,
 
 6 Ire. Eq. Rep. 85;
 
 Johnson
 
 v.
 
 Shelton,
 
 4 Ire. Eq. Rep. 85;
 
 Harris
 
 v.
 
 Ewing,
 
 1 Dev. and Bat. Eq. 369.
 

 But such vague entries are not allowed to interfere with the privilege that other citizens have to make entries until the defect is cured by the survey, whereby the land is identified, and is made capable of being the subject of notice, for there cannot be notice of that which has no identity.
 

 In
 
 Harris
 
 v.
 
 Ewing,
 
 supra, there was a decree against one who made his entry
 
 after
 
 the prior vague enterer had actually surveyed, and who had notice of the survey. In
 
 Johnson
 
 v.
 
 Shelton,
 
 supra, the Court say
 
 “
 
 that was going beyond the words of the act upon a very liberal construction. It certainly can be carried no further in support of vague entries which would be an encouragement to negligence and deception in enterers.”
 

 In our case, the defendant made his entry before the plain
 
 *27
 
 tiff
 
 had surveyed,
 
 and to deprive him of a right acquired before the plaintiff had identified any land, as the subject of his entry, would be carrying the construction much further than is done in
 
 Harris
 
 v.
 
 Ewing,
 
 or any other case, and would not only go beyond the words, but would violate the spirit and do manifest injustice.
 

 The plaintiff alleges that the defendant had notice of his entry. The defendant positively denies having notice at the time he made his entry. It is unnecessary to examine the proof, because it is impossible that the defendant could have had notice of that which had no identity; and the character of the evidence taken in this cause shows the necessity of adhering to the principle established in
 
 Munroe
 
 v.
 
 McCormick,
 
 supra, “where an entry is vague it acquires no priority until it is made certain by a survey.”
 

 Per Curiam. Bill dismissed.