*123
 
 Pearson, J.
 

 It is the policy of the public to have all the vacant land appropriated by individuals. So far as the State is concerned, it is a matter of indifference who appropriates the laud, provided it be paid for. Upon this ground it is settled, that where an entry is made in terms of general description, it may be made certain, and the particular land identified by a survey, if it be done before the right of another enterer has attached;
 
 Johnston
 
 v.
 
 Shelton, 4
 
 Ire. Eq. 85;
 
 Monroe
 
 v.
 
 McCormick,
 
 6 Ire. Eq. 85;
 
 Fulton
 
 v.
 
 Williams,
 
 Bush. Eq. 162, and
 
 Currie
 
 v.
 
 Gibson,
 
 ante 25. In this case, according to the proofs, the defendant “ shifted” his entry, so that the land, which was surveyed, and for which he obtained a grant, does not answer the general description used in making the entry ; for although it adjoins his own land, it does not adjoin the land of
 
 James Case.
 
 This, it would seem, goes beyond the principle established by the above cases.
 

 But waiving that objection, at the time he made his survey, the land in question was entered by Lance, under whom the plaintiff claims, so as to give him a prior right, and take from the defendant the right to shift his entry for the purpose of including it. The restriction upon the right to make a vague, or general entry certain by a survey, that it shall not interfere with the rights of a prior enterer, is recognised in all the cases, and the good sense and justice upon which it is made, will strike every one as soon as it is suggested. Add to this, the fact, that at the time the defendant shifted his entry, and had his survey made, he had notice that he thereby covered land which had been before entered by Lance, and it is manifest that it is against conscience for him to do so. It follows, that in regard to the legal title, afterwards acquired by him, he must be held a trustee for theplaintiff, who, it is admitted by the answer, has succeeded to all the rights of Lance for valuable consideration. This admission, in the answer, also meets the objection that Lance was a necessary party, for it thereby appears that he has no interest in the subject of controversy.
 

 Per Curiam, ' Decree accordingly.