JOHN W. GRAYSON et al. v. J. L. ENGLISH.

*Action to Recover Land—Entry—Grant—Senior Grant on Junior Entry—Vague Description of Land in Entry—Constructive Notice to Junior Enterer.*

1. If the description contained in an older entry so identifies the land intended to be covered by it that a junior enterer can, upon reading it, ascertain that it is the same land for which he subsequently obtains a grant under his junior entry, he takes with constructive notice of the inchoate equity of the senior enterer.

2. While the rule in reference to the sufficiency of description of land in entries of land as between the State and the enterer is more liberal than that applicable to descriptions of land in conveyances and contracts between individuals, yet a vague and indefinite description in an entry is not constructive notice to a subsequent enterer until the location is made certain by an actual survey.

3. Constructive notice to subsequent enterers may be given by an enterer of land in two ways—first, by making a survey of a vague entry, or one containing an indefinite description, and thus identifying that which was before uncertain; and, second, by making the description in the entry so explicit as to give reasonable notice of the first appropriation.

4. An entry (No. 2252) for 640 acres was so drawn as to include all vacant lands on the summit of H. mountain, at the north end, and extending down from the summit on the east and west sides to the lands of others mentioned in the entry. Another entry (2253), made the same day by the same party, described "640 acres adjoining the above (the lands covered by entry No. 2252), the lands of E. G., C. D., B., the Powell place, Allen's Dealsville tract, extending along the summit of the H. mountain, and down both sides to deeded land." A subsequent entry for land covered by entry No. 2253 was made by plaintiffs, who obtained a grant therefor prior to the date of the survey and grant to defendant on the entries Nos. 2252 and 2253: *Held*, that the senior entry contained upon its face a sufficient description to affect the subsequent enterers of the same land with notice of the equity of the senior enterer.

Controversy without action, submitted under section 567 of *The Code*, and heard before *Allen, J.*, at Fall Term, 1894, of McDowell Superior Court.

The following is the case agreed :

"1. That John B. Grayson died April 26, 1885, leaving him surviving the plaintiffs above named, his only heirs at law, except Margaret L. Grayson, who is his widow.

2. That the said John B. Grayson died intestate, and his real estate descended to the plaintiffs, his heirs at law.

3. That R. Don Wilson is dead, and left a last will and testament by which he devised his interest in the land in controversy to Martha L. Sledge.

4. That Martha L. Sledge executed a deed conveying her interest in said land to J. L. English.

5. That on November 25, 1868, R. Don Wilson caused to be entered on the book of the entry-taker of McDowell County, the following writing :

"No. 2252. R. Don Wilson enters 640 acres of land lying on both sides of Huntsville or (or and) Haney mountain, extending from the north end along the summit and down both sides to deeded lands adjoining lands of Mills Higgins, Dr. Gilbert, John Jarret, the Prices, and others. This 25th November, 1868."

And on the same day a like writing on the entry-taker's book was made in the following language, to-wit:

"No. 2253. R. Don Wilson enters 640 acres of land adjoining the above, the lands of Early Gurly, Chas. Dixon, Butler, the Powell place, Jason Allen's Dealsville tract, extending along the summit of the Huntsville mountain and down both sides to deeded land. This 25th of November, 1868."

On December 30, 1870, R. Don Wilson procured a grant to be issued to him by the State of North Carolina, on the last-mentioned writing in entry-taker's book. A copy of said grant is hereto attached, marked "Exhibit A."

6. That on December 26, 1868, Albert Conley caused to be entered in the entry-taker's book of McDowell County, the following writing, to-wit:

"No. 2270. Albert Conley enters 100 acres of land on the waters of North Muddy creek, adjoining the land now owned by Rebecca Elliott and others. This 26th December, 1868."

That on February 1, 1869, John B. Grayson caused a like entry to be made in the following language, to-wit:

"No. 2329. J. B. Grayson enters 100 acres of land on the waters of North Muddy creek, joining the lands of Jno. E. Goforth and others. This 1st of February, 1869."

7. That on the 6th day of January, 1879, Albert Conley procured from the State of North Carolina a grant on his said entry, a copy of which is hereto attached and marked "Exhibit B." And the said Albert Conley, by deed, duly conveyed his interest in said land to J. B. Grayson, who died seized thereof, if Albert Conley was ever seized of same. That on January 6, 1870, J. B. Grayson caused to be issued to him by the State of North Carolina a grant for sixty acres of land on his above-mentioned entry (his grant calling for sixty acres, and a copy thereof is hereto attached and marked "Exhibit C.")

8. That prior to the date of the survey of the Wilson

entries above set out, there were surveys on the Conley and Grayson entries, and grants issued to Conley and Grayson. The lands granted to R. Don Wilson cover the lands granted to Conley and Grayson.

Upon the above statement the Court is asked to render judgment.

Upon the foregoing facts, the plaintiffs contend that the entries of R. Don Wilson are void, on account of vagueness and uncertainty in description, and the defendant contends that the description in said entries is sufficiently definite to give notice to the plaintiffs at the time of their entry."

His Honor being of opinion with the defendant, adjudged that the plaintiffs "hold the legal title to the land in controversy in trust for the defendant, and that said plaintiffs execute to the defendant a good and sufficient deed releasing all their right, title and interest in said lands. It is further ordered that the plaintiffs pay the costs of this proceeding."

From this judgment the plaintiffs appealed.

*Messrs. Justice & Justice*, for plaintiffs (appellants).
*Messrs. Morris & McCall*, for defendant.

AVERY, J.: The question that gives rise to this controversy is, whether the plaintiff is the owner of the equitable as well as the legal estate of the land in controversy. If the description contained in the older entry of the defendant so identified the land intended to be covered by it that the plaintiff could, upon reading it and prosecuting any inquiry as to boundaries suggested by its terms, have ascertained that it was the same land for which he subsequently obtained a grant under the junior entry, then the latter, as junior enterer, took with constructive notice of the inchoate equity of the senior enterer. It is not to be understood that any description in an entry, not void upon its face for uncertainty (however imperfect as a means of identification it may be), operates as construc-

tive notice to all persons making subsequent entries of the land that such description was intended to embrace. The rule in reference to the validity or sufficiency of the descriptions in entries as between the State and the enterer is much more liberal than that applicable to deeds and to contracts for sale of land between individuals. In *Harris* v. *Ewing*, 1 Dev. and Bat. Eq., page 374, Chief Justice Ruffin said : " It appears to the Court, therefore, that a vague· entry *is not* void as against the State, but gives the enterer an equity to call for the completion of his title by the public officers." In the subsequent case of *Johnston* v. *Shelton*, 4 Ired. Eq., 85, the same learned Judge, in speaking of the validity of an entry and its sufficiency as notice, said : " Its vagueness renders it void as against a subsequent enterer who surveyed and paid his money before the plaintiffs had made their entry more specific, if the expression may be allowed, by a survey identifying the land they meant to appropriate." As between the State and the enterer the inchoate equity created by making an entry, not containing a specific description that confines it to a particular place, is " in some degree a floating right to have a certain quantity of unappropriated land anywhere the enterer may select within two years on a certain stream or mountain in the county." *Johnston* v. *Shelton, supra*. While, therefore, an entry containing a description that would be altogether insufficient in a contract for sale or a conveyance of land, was not void as between the State and the enterer, it was, nevertheless, not notice to subsequent enterers until its location had been made certain by an actual survey. Constructive notice might be given to one desiring to enter the same land in two ways, and whenever given by either method the junior enterer being affected by it, would hold under any grant taken out by him, subject to the right of the person holding the older entry to take out a grant also, and have the senior grantee declared a trustee and ordered to convey to him. *Nunn* v. *Mulholland*, 2 Dev. Eq., 381.

The two methods of affecting all subsequent enterers with constructive notice are:

1. By by making a survey of a floating or vague entry or one containing an indefinite description, and thus identifying that which was before uncertain. *Currie* v. *Gibson*, 4 Jones Eq., 25; *Munroe* v. *McCormick*, 6 Ired. Eq., 85; *Johnston* v. *Shelton, supra; Harris* v. *Ewing, supra.*

2. By making the description " so explicit as to give reasonable notice to a second enterer of the first appropriation." *Johnston* v. *Shelton, supra,,* at p. 92; *Harris* v. *Ewing, supra,* at p. 372. " The object of description is to identify the thing for which the contract is made, and whatever means will effect that end must be all-sufficient." *Harris* v. *Ewing, supra.*

The statement sent up by the parties as the foundation of a controversy without action contains a description which is certainly not so vague as to affect the validity of an . entry. Indeed, upon its face it seems probable that it may have pointed to extrinsic proof such as would have made the identification complete. If it does, then it was constructive notice, and the plaintiff holds in trust for the defendant. The equity of the defendant depends upon this question.

Two entries were made on the same day in the following terms:

" No. 2252. R. Don Wilson enters 640 acres of land lying on both sides of Huntsville or (or and) Haney Mountain, extending from the north end along the summit and down both sides to deeded lands adjoining lands of Mills Higgins, Dr. Gilbert, John Jarrett, the Prices, and others. This 25th November, 1868."

And on the same day a like writing on the entry-taker's book was made in the following language, to-wit:

" No. 2253. R. Don Wilson enters 640 acres of land adjoining the above, the lands of Early Gurley, Charles Dixon, Butler, the Powell place, Jason Allen's Dealsville tract, ex-

tending along the summit of the Huntsville mountain and down both sides to deeded land.   This 25th November, 1868."

On December 30, 1870, R. Don Wilson procured a grant to be issued to him by the State of North Carolina on the last-mentioned writing, in entry-taker's book.

It would seem that the description contained in Entry No. 2252 was so drawn that it must include all vacant land on the summit of Haney mountain at the north end and extending down from the summit on the east and west sides of the summit to deeded land or lands for which claimants, several of whom are mentioned, had titles.   The second entry, No. 2253, upon which the junior grant, through which defendant's claim was issued, is located by its terms so as to adjoin the other entry on the south, include the summit further south and to extend from said summit on either side so as to join the deeded land of Early Gurly and the others mentioned.   The land intended to be appropriated must have been surveyed so as to join the lands of the persons named on either side of the summit, and on the south and on the north so as to extend to any vacant land surveyed under the preceding entry, or if none should be found, to the lands of adjacent owners named in said entry.   Though the more advisable practice in such cases is to locate the bounds of the entry by means of an actual survey, and thus make the sufficiency of the description appear more clearly by proof of extrinsic facts to which it points, yet, in this particular case we must hold, without any parol proof, that the land entered appeared upon its face to lie between the tracts of the persons mentioned therein, or in case no vacant land was found to constitute the northern boundary, then the lands of persons named in Entry No. 2252.   Instead of specifying a beginning corner in a certain line, and lying on the headwaters of a particular creek, as in *Horton* v. *Cook*, 1 Jones Eq., 273, the entry in our case is declared to include the summit of a certain mountain—in effect to lie between the deeded

lands of certain owners and to lie south of certain other deeded tracts or any vacant land that might be found between them along the northern end of said summit. While we would have been saved from some hesitancy by incorporating into the affidavit, as a part of the statement of facts agreed, some proof of the location of the lands of the adjacent owners, we conclude that the senior entry contained upon its face a sufficient description to affect subsequent enterers of the same land with notice of the equity of Wilson. We deem it proper to say, however, that it must almost necessarily be more advisable for one or the other of the parties, in any case where the right to recover in an action or on a counterclaim, depends upon the question whether an entry is so definite as to affect subsequent enterers with constructive notice of its location, to offer testimony, if the facts are in dispute, and have a finding by a jury or by consent by the Court, of the developments made by an actual survey.

For the reasons given, the judgment of the Court below is affirmed.

Judgment Affirmed.