These proceedings were instituted under chapter 272 of the Acts of 1903, amending the laws relating to the entry of vacant lands. The protesting parties moved the Court that on the face of the record, the burden of proof was on defendant (Westcott) to open the case and show cause why his entry should not be declared void. Overruled and plaintiff excepted. This was the first exception. This motion was based upon the wording of section 3 of the act. It is plaintiff's contention that under the wording of this law, the burden is on the one making an entry of land under it, when protest is filed, to at least make out a prima facie case that the land is subject to entry and that he has complied with the requirements of law in laying it. The plaintiffs further contend that if an individual is permitted to lay an entry and rest on his oars with no other proof than his entry no better field for *Page 54 
(30) speculation can be imagined, and that by shifting the burden on the occupant or owner in many instances he could by this technicality become possessed of land to which the title is now considered settled. The plaintiffs contend it was doubtless with this in view that the Legislature requires the enterer to come into court and "show cause why his entry shall not be considered inoperative and void."
The argument is interesting to us, but the Court is of opinion that it is not necessary to decide that question on this appeal, so we forbear giving a decision upon it.
Unfortunately for the plaintiffs they admit enough upon the face of the record to put them out of court. "It was admitted by the plaintiffs that they could not show any paper writing to any person for any part of the land covered by said entry except the three deeds or papers referred to above, nor any possession of any part of the land by any person except during the years 1874 to 1876 and no further." The record gives the dates of the three deeds and names of the parties. They fail so far as the record discloses to connect plaintiffs in any way with the land. This admission appearing in the record in the Superior Court, his Honor very properly dismissed the protesting proceedings at the cost of protestants.
Affirmed.
Cited: Walker v. Carpenter, 144 N.C. 676; Bowser v. Westcott,145 N.C. 57.