W. E. WALKER v. HENRY CARPENTER.

(Filed 27 May, 1907).

**Burden of Proof—Entries for Vacant Lands.**—The burden of proof is upon him who states an affirmative in substance and not merely in form, without reference to whether it may appear from the form of pleadings or in the record that he is party plaintiff or defendant; under sections 1707 and 1693, Revisal, the burden is upon the enterer to sustain his right to make entry by showing such to be in substantial form of compliance with the statute, that the lands were vacant and unappropriated so far as protestant is concerned and of the character that are open to entry, and that the line of other lands which he is required to set out in his entry are correctly stated.

HOKE and WALKER, JJ., dissenting.

PROCEEDING under entry laws (Revisal, ch. 37), tried before *Guion, J.,* at February Term, 1907, of the Superior Court of RUTHERFORD County.

The defendant, Carpenter, entered a certain parcel of land, and the plaintiff, Walker, filed his protest. Thereupon the matter came by proper process under the statute before the Superior Court for trial. His Honor submitted the following issue without objection: Is the land described in the protest and entry vacant and unappropriated? Answer: No. From a judgment for plaintiff, defendant appealed.

*D. F. Morrow* for plaintiff.
*McBrayer, McBrayer & McRorie* for defendant.

BROWN, J. The only question presented for determination is whether the court below erred in holding that the burden was upon the enterer, the nominal defendant in this case, to make out his *prima facie* case that the land in dispute, which he claims to have entered, was subject to entry; that is, vacant or unappropriated. It is immaterial that the Clerk of the Superior Court has arrayed this protestant as a plaintiff and the claimant as defendant. In the view we take of the matter it is more orderly in giving a title to proceedings of this character to put the claimant down as plaintiff and the protestant as defendant. However they may be arrayed on the docket, it is a fundamental rule of evidence that the burden of proof is on the party who substantially asserts the affirmative of the issue, whether he be nominally plaintiff or defendant. We think the learned counsel for the claimant is in error in describing the proceeding as "an action by the plaintiff, protestant, to vacate an entry laid by defendant." It is purely a statutory proceeding regulating the manner in which entries of vacant and unappropriated lands belonging to the State may be made and perfected and grants issued therefor, and it appears to us that the enterer or claimant is the actor therein, and when his right to make the entry is challenged, or denied by protest, he must make good in the Superior Court his claim of right to enter the land described

in his entry. It is singular that this question has heretofore never been passed upon by this Court, and, so far as we can find, the point has never been raised, except in the case of *Johnson v. Westcott,* 139 N. C., 29, when it was deemed unnecessary to decide it. There seems to be a dearth of judicial precedents to guide us, for neither the diligence of counsel nor our own investigations have been able to discover any. So, in coming to a conclusion, we can only interpret the statute according to what we think is the manifest will of the General Assembly, and apply to the subject the general principles of law governing the *onus probandi.* In every mode of litigation an assertion of fact avails nothing without proof. Some party to it must commence by producing proof to sustain his allegation. The first rule laid down in the books on evidence is to the effect that the issue must be proved by the party who states an affirmative, not by the party who states a negative. Of course such affirmative must be one in substance and not merely in form. An eminent writer on the law of evidence says: "This rule of convenience, which in the Roman law is thus expressed, *Ei incumbit probatio, qui dicit, non qui negat,* has been adopted in practice not because it is impossible to prove a negative, but because the negative does not admit of the direct and simple proof of which the affirmative is capable; and, moreover, it is but reasonable and just that the party who relies upon the existence of a fact should be called upon to prove his own case." Taylor on Evidence, quoted in Bailey's Onus Probandi, p. 2, note.

The chapter regulating the entry of public lands describes the enterer as *claimant* of the land and prescribes with particularity what he shall set out in his written declaration. Among other requirements the paper-writing must set out "the natural boundaries of any other person, if any, which divide it from other lands." When the entry is published

any person who thinks his land is covered by it may file a protest, whereupon the *claimant* may be commanded to appear at the next term of the Superior Court and show cause why his entry shall not be declared inoperative and void. Upon the trial of the issue we think the burden is thus cast upon the claimant to make good his entry. How does he do it? First, by showing a written entry duly filed with the entry taker which fully complies with the requirements of the statute (Rev., sec. 1707); second, by showing that the lands he claims by virtue of his entry come within the description of the act as "vacant and unappropriated lands," at least so far as protestant is concerned, and are not embraced within the exceptions in the act (Rev., sec. 1693). The statute particularly declares that every entry made for any lands not authorized by the act to be entered shall be void. The statute further declares that where protest is filed the claimant's right to enter the land must be sustained before official survey is made and warrant issued for the same. It is, therefore, reasonable that the claimant should assume the burden and expense of proving at least that his entry does not trespass upon the protestant's domain, and that in his entry he has set out correctly the lines dividing the land entered from protestant's land. It seems to us not only unreasonable, but directly contrary to elementary principles, to require the protestant to take up the *onus probandi* and to show that the lands are not vacant lands and that the claimant has not complied with the terms of the statute. It appears to us to be more consistent with reason and principle to require the claimant affirmatively to sustain his right to make entry by showing an entry which in substantial form complies with the statute, and by offering evidence tending to prove that the lands were vacant and unappropriated lands, so far as protestant is concerned, and of the character that are open to entry, and that the lines of other lands which

WALKER *v.* CARPENTER.

he is required to set out in his entry are correctly stated. This is not great hardship on the claimant. He must necessarily be acquainted with the land before entry, and in order to write an entry in due form he must set out the dividing lines of those persons whose lands adjoin it. These requirements are evidently safeguards thrown around the appropriated lands of the neighbors in order that they may discover if their boundaries are trespassed upon, and, if so, enter a protest under section 1709 of the statute. This section provides that if any person shall claim title to or an interest in the land covered by the entry he may file his protest in writing. This protest stops the issuing of a grant until "the right of the claimant to make the entry is sustained." Sec. 1713. The claimant is the one who asserts his right to make the entry, and he should sustain it by proof, for it is but reasonable and just that the party who relies upon the existence of a fact, or asserts a right, should be required to support it by proof before his adversary is called upon to reply. We admit that the determination of this question is not without difficulty, but we think it would subject the *bona fide* owners of lands to great annoyance and expense if land speculators and timber hunters are permitted to enter all outlying tracts of woods and timbered lands and compel those who own them to enter their protests and prove their titles before the claimant is called upon to prove anything except a mere entry, which is his own *ex-parte* production.

Affirmed.


HOKE, J., dissenting. I cannot think that the Judge below made a correct ruling as to the burden of proof; certainly not to the extent to which it was imposed on defendant by the facts of the case as presented in the record.

It appears that, defendant having made an entry of a piece of land, plaintiff filed his bond and protest, and the cause was

transferred to the civil issue docket. Coming on for trial, an issue was submitted as to whether the land was vacant, and the Judge held *in limine* that the burden of proof was on the defendant, the enterer, and defendant excepted. Defendant then made proof that his entry was formally regular, and both parties offered further testimony on the issue. The Court charged the jury that the burden of proof was on the defendant, and exception was again duly made. The jury, having deliberated for some time on the case, returned for a special instruction as to the burden of proof, and the Court again told the jury that such burden was on defendant, exception being made, and verdict was thereupon entered in favor of plaintiff.

The force and effect of this ruling was to impose on defendant not only the burden of showing that his entry was formally regular, but also of showing that the land in question had never before been withdrawn from entry, either by grant or appropriation, statutory or otherwise; and in this I think there was error which entitles the defendant to a new trial.

I concur in the view expressed by the Court that it is not a matter of first importance on which side of the docket the parties appear, nor do I think that the precise form of the issue is of great consequence; but the question is, by proper construction of the statute, addressed to this subject, Where is the burden of proof after defendant has made formal proof of his entry? Is it incumbent on him to establish further, under the same rule as to the burden of proof, that the land has never before been granted or otherwise appropriated, and is, therefore, still subject to entry? Such a requirement is one that it would be very difficult, and in many instances impossible, to meet; and to impose it upon a litigant would very likely result in stopping all further entries of public

lands wherever any one saw proper to file his bond and enter protest.

We know that there are great numbers of grants in this State, embracing large tracts of territory, the same grant often extending through different counties, many of them taken out in the remote past, and their location, even now, uncertain. It is, therefore, as stated, well-nigh impossible for the average citizen, and especially one who is a stranger to these titles, to establish whether a given piece of land is not already covered by one of these old grants. Though he might know of their existence, if the location of their boundaries were in doubt the expense of having an accurate survey, rendered necessary by this rule of proof, would very likely deter a man of reasonable business prudence from entering on or pursuing a contest of that kind.

Says Black, in his Interpretation of Laws, p. 99: "A statute is never to be understood as requiring an impossibility if such a result can be avoided by any fair and reasonable construction." And in Lewis' Southerland on Statutory Construction, 2 Ed., sec. 488, it is said: "In the consideration of the provisions of any statute they ought to receive such a reasonable construction, if the words and subject-matter will admit of it, as that the existing rights of the public, or of individuals, be not infringed. Consideration of what is reasonable, convenient, or causes hardship and injustice have a potent influence in many instances. It is always assumed that the Legislature aims to promote convenience, to enact only what is reasonable and just. Therefore, when any suggested construction necessarily involves a flagrant departure from this aim, it will not be adopted if any other is possible by which pernicious consequences can be avoided." And Enlich on Interpretation, sec. 441, and Sedgwick are to like effect. It is an accepted principle of statutory construction and, in my opinion, should prevail in the case now before us.

Again, it is a recognized rule of proof that the burden should be placed on him who has the special opportunity of knowing the facts. In Lawson on Presumptive Evidence it is stated as a definite rule (No. 5) that the burden of proof is on the party to show a material fact of which he is best cognizant, and this is well established with us. *Harper v. Express Co.,* at this term; *Meredith v. Railroad,* 137 N. C., 428; *Mitchell v. Railroad,* 124 N. C., 236. In this last case it is held to be "a principle of law that when a particular fact, necessary to be proved, rests peculiarly within the knowledge of one of the parties, upon him rests the burden of proof." An application of this principle to the procedure now under discussion would, I think, properly place the burden of proof on the protestant. It was evidently never designed that an entry of land, regular in form, should be stayed by an officious intermeddler. The statute was designed for the benefit of one who was the owner or had some good reason to believe that a grant on the entry objected to would be of some injury to him; and in such case, if a protestant conceived, or had any valid reason to conceive, he would be injured, he best knows how and why this injury would arise. He, better than any one, specially knows the basis of his own claim; and it is not unreasonable, but in accord with this established rule, just stated, that he should produce his proof and make exhibit of such claim as he may have—not, perhaps, to the extent of showing a perfect title, but at least of showing that the land in question has been withdrawn from entry by statute, or is covered by some former grant, or protected by adverse occupation from being again appropriated.

If the statute, in express terms, requires the interpretation applied in this case and upheld in the opinion of the Court, it should undoubtedly be obeyed. But no such words appear in the law. The Court, I think, places entirely too

much stress on the concluding words of section 1709, that "On protest of bond being duly filed, the cause shall be transferred, and therefore notice shall issue to claimant, commanding him to appear and show cause why his entry shall not be declared inoperative and void." It might well be that this should be considered done when proof is made that the entry has been regularly made; but, to my mind, this is nothing but a form for the notice, and was not intended to bear in any way on the burden of proof. It is similar to most other notices where a person is required to appear and answer some assault on his rights. The old form of summons in debt was to appear and show cause why judgment should not be taken for a sum certain. And, to set aside a judgment, the notice is to appear and show cause why a given judgment should not be set aside. But it would never occur to a court that the person notified, when he did appear, should be required to show, in the one case, that he did not owe the complainant; and in the other, that no assault could be successfully made on his judgment. It is simply a form for the notice, and in section 1713—this is in a different portion of the statute from the entry—it is a section as to the survey, and the words in that section directing a survey, "If no protest is filed," or, "if filed, and the right of claimant is sustained," evidently refer to the fact that there has been a contest determined, and has no reference to the burden of proof. Certainly, they would be considered very slight support for a construction that could only be upheld by the use of plain and explicit terms.

It is the policy of the State, and has been from the beginning, that the public and vacant lands should pass into the possession and ownership of its citizens. *Pearson, J.,* in *Ashley v. Sumner,* 57 N. C., 123. Pursuant to this policy our statute has enacted that any citizen of this State, or any one who comes into the State with the *bona fide* intent to

WALKER *v.* CARPENTER.

become a citizen or resident thereof, may make entries and obtain grants for vacant lands, and all vacant lands belonging to the State shall be the subject of entry, as therein provided. And while it has been found necessary to impose some restraints on the entries *ad libitum,* as at first allowed, it was never designed, I think, to establish a rule of proof that·in its practical application will put it in the power of any one who is willing to give a bond· of $200 to seriously impede and, in most cases, absolutely obstruct the carrying out of the State's beneficent purpose.

I think the charge of the Court below objectionable because, in a statute which permits of construction, it adopts an interpretation: (1) Which is obstructive of public policy; (2) which imposes on one who desires to enter land requirements which it is well-nigh impossible to meet; and (3) which violates an established rule of proof, that the burden is on . him who has the best opportunity of knowing the facts.

I therefore think there should be a new trial of the cause.

WALKER, J., concurs in the dissenting opinion.