CLARENCE CALL and JOEL TRIPLETT v. N. H. ROBINETT
and S. J. BARNETT.

(Filed 13 May, 1908).

1. State's Lands—Entry—Description—Notice, Sufficiency of—Collateral Attack.

A description in an entry of State's lands reading "640 acres, adjoining the lands of J. T., A. C., *beginning on the southwest corner of J. T. fifty-acre tract,* known as the C. lands, and running various courses for complements," is not too vague, and is capable of location by survey. (*Grayson v. English,* 115 N. C., 358; *Fisher v. Owens,* 144 N. C., 649, cited and approved).

2. Same—Vagueness—Insufficiency.

A description in a second entry upon the State's unimproved lands, "640 acres in a certain county, lying on specified waters in E. Township, adjoining lands of S. G. A. and others, *beginning on a stake in S. G. A.'s line,* and running various courses for complements," is too vague to give notice of lands intended to be appropriated.

3. State's Lands—Entry—Vagueness—Survey—Grant—Valid as Against State.

After the survey and issuance of a grant by the State to vacant lands, the entry cannot be collaterally attacked for vagueness. When the land is not sufficiently identified by the entry the entry is not void, and a defect may be cured by the survey, so as to make the grant issued in pursuance thereof valid as against the State.

4. State's Lands—Entry—Conformity with Grant—Question for Proper Officers—Binding upon State—Collateral Attack.

The question whether the grant by the State of her vacant lands corresponds to the entry is one for the officers empowered to issue the grant, and is not open to attack by a stranger to the title or by a subsequent claimant under the State.

5. State's Lands—Entry Made Certain by Survey—Sufficient—Second Entry.

When there are two enterers upon the State's vacant land, if the first.entry is too vague, but the enterer make his entry certain by survey before the second entry, it is sufficient notice, and the courts will not declare him a trustee for the first enterer. (The difference between this and the cases in which the courts will declare a second enterer a trustee for the first discussed and distinguished by CONNOR, J.).

**6. State's Lands—Entry—Notice—Vagueness—Parol Evidence—Inadmissible.**

> When the entry upon the State's vacant land is too vague to give notice of the land intended to be appropriated, it may not be aided by parol evidence.

ACTION tried before *Ward, J.,* and a jury, at October Term, 1907, of WILKES.

Action for trespass. Plaintiff claims under entry dated 6 February, 1901, "640 acres on the waters of Elk Creek, adjoining the lands of Joel Triplett, A. C. Cowles and others, beginning on the southwest corner of Joel Triplett's fifty-acre tract, known as the Cox lands, and running various courses for complements." Warrant issued 18 February, 1901. Grant from State, containing description by metes and bounds, 12 November, 1903. Defendant claims under entry made 28 January, 1902, "640 acres of land in said county, lying on the waters of Stony Fork, in Elk Township, adjoining the lands of S. G. Anderson and others, beginning on a stake in S. G. Anderson's line and running various courses for complements." Warrant issued 12 February, 1902. Grant describing land by metes and bounds issued 8 September, 1904. It was conceded that the survey upon plaintiff's entry was made prior to that under defendant's entry. His Honor held that defendant's entry was too vague and indefinite to afford notice. Defendant excepted and proposed to introduce parol evidence of facts by which to fix plaintiff with notice of his claim prior to survey under his (plaintiff's) entry. His Honor held that, if the proposed evidence was true, it did not affect plaintiff's title. Defendant excepted.

At the conclusion of the evidence his Honor instructed the jury to answer the issue as to title for plaintiff. There was judgment for plaintiff for one dollar. Defendant appealed.

*W. W. Barber* and *R. Z. Linney* for plaintiff.
*Manly & Hendren* for defendant.

CALL *v.* ROBINETT.

CONNOR, J., after stating the facts: Defendant proposed to attack the grant under which plaintiff claimed, for that the entry was vague, indefinite and incapable of location by survey—that it was a "shifting entry," and the survey did not cover the lands indicated in the entry. We are inclined to the opinion that the entry complies with the requirement of the statute. It fixes with reasonable certainty the beginning point—refers to the waters of Elk Creek and adjoining lands. The cases decided by this Court illustrating the entries which are too vague, and those capable of location by survey, are cited and discussed by *Mr. Justice Avery* in *Grayson v. English,* 115 N. C., 358, and in *Fisher v. Owens,* 144 N. C., 649. If, however, the entry is vague after the survey and issuance of a grant by the State, it is not open to defendant to attack it. In *Currie v. Gibson,* 57 N. C., 25, *Pearson, J.,* said: "When the terms of description in which an entry is made are so vague as not to identify any lands, the entry is not void, and the defect may be cured by the survey, so as to make the grant which issues in pursuance thereof valid as against the State." It cannot be attacked collaterally. *Dosh v. Lumber Co.,* 128 N. C., 84. The cases in which a grant may be attacked collaterally, treated as void upon its face, are pointed out in *Holley v. Smith,* 130 N. C., 85. The learned counsel for defendant insists that a grant which is not supported by an entry is void. If this be conceded it does not aid the defendant, because the grant from the State recites, as the statute requires, that there was an entry. The description in the grant is full and complete. Whether it corresponded to the entry was a question to be decided by the officers who were empowered to issue the grant. A stranger to the title, as in this aspect of the case defendant must be regarded, cannot attack the grant. It seems that it is valid against the State—certainly it is so as against a stranger—and, it would seem equally clear, as against a subse-

quent claimant under the State. The cases cited by defendant do not militate against this view.

The defendant says, conceding that the legal title passed to plaintiff by the entry, survey and grant, he is entitled to have him declared a trustee for his benefit. It is well settled that when an entry is made, and subsequent thereto another person lays an entry and takes a grant, he acquires the title, and the grantee will be declared a trustee for the first enterer; the reason of this being that the first entry entitled the enterer to a prior right or equity to call for the legal title upon complying with the statute, and the second enterer took subject to this prior claim or equity, the entry being notice thereof. The defendant is confronted with two difficulties in this aspect of the case: First, his entry is subsequent to that under which plaintiff claims. Second, his entry is too vague and indefinite to give any notice. It is always held that, to entitle the first enterer to have the grantee declared a trustee, his entry must be sufficiently definite to put the second enterer upon notice. In *Johnston v. Shelton,* 39 N. C., 85, *Ruffin, C. J.,* says that if the first entry is too vague to put the second enterer upon notice, equity will not aid him. This is a different question from that which we first discussed. There the survey makes the vague entry certain, and the State accepts it and issues the grant. Here the question of notice of the first entry controls the rights of the parties. If the first enterer make his entry certain by survey before the second entry, it is sufficient. So, in *Munroe v. McCormick,* 41 N. C., 85, *Pearson, J.,* says: "When one makes an entry so vague as not to identify the land, such entry does not amount to notice and does not give any priority of right as against another individual who makes an entry, has it surveyed and takes out a grant." Tested by the decided cases cited in *Grayson v. English* and *Fisher v. Owens, supra,* we think defendant's entry too vague to afford notice. It is a "floating entry," without any definite beginning point. "A stake in S. G.

Anderson's line" is about as vague as it is possible to make it. It calls for no single point from which a survey could be made, and gives no other *indicia* for that purpose. The description in *Johnston v. Shelton,* 39 N. C., 85, was: "Beginning on the line dividing the counties of Haywood and Macon, at or near Lowe's bear pen, on the Hogback Mountains," etc. It was held too indefinite to affect a second enterer. The discussion by *Ruffin, C. J.,* is, as usual, clear and strong. We could not hope to add anything of value to what he says. We concur with his Honor that the defendant's entry was too vague to give notice of the land intended to be appropriated. Defendant seeks to fix plaintiff with notice by parol evidence of what defendant intended to claim. It has not, so far as our own and the investigation of counsel goes, been decided whether the parol evidence is competent to fix a second enterer with notice of a former vague entry. The intimation in *Johnston v. Shelton, supra,* is against defendant's contention. In *Fisher v. Owens, supra,* it is said: "A number of expressions are used by the Judges indicating the opinion that the only notice which will be sufficient to protect a vague, indefinite entry is a survey, and, as said by *Judge Pearson,* the good sense of this principle is manifest." We concur with his Honor that in any point of view there was no evidence of notice in this case which entitles the defendant, if otherwise entitled, to have plaintiff. adjudged a trustee. Plaintiff, having the first entry, the first survey and the first grant, is the owner of the land. The judgment of his Honor was correct and must be

Affirmed.