THOMAS W. BABB v. GAY MANUFACTURING COMPANY.

(Filed 17 February, 1909.)

1. **State's Lands—Enterer—Prior Grant—Evidence—Vacant and Unappropriated.**
    When plaintiff, enterer, introduces a valid grant, issued prior to his, under which the defendant claims, it shows that the lands had been previously granted and were not vacant and unappropriated at the time of the issuance of his grant, and it is unnecessary for the defendant, claimant, to show a connected title therewith.

2. **State's Lands—Grants—Description Sufficient.**
    When a grant of land gives the corners and courses and distances of the land, and the first corner can thereby be located with reference to the second, and parol evidence is competent to locate the two, it is not void upon its face for uncertainty of description.

PROCEEDING under the entry laws, heard before *Ward, J.,* at Fall Term, 1908, of PERQUIMANS.

From a judgment sustaining the protest filed by defendant the plaintiff (the enterer) appealed.

*W. M. Bond* and *P. W. McMullan* for plaintiff.
*Shepherd & Shepherd* and *Pruden & Pruden* for defendant.

BROWN, J. It is unnecessary to determine the validity of the entry made by plaintiff upon the lands in controversy. It is quite indefinite and uncertain, and may possibly be void for that reason. *Fisher v. Owens,* 144 N. C., 649; *Call v. Robinett,* 147 N. C., 615. But we sustain the judgment of the Superior Court upon the ground that plaintiff enterer has failed to show that the lands entered are vacant and unappropriated. *Walker v. Carpenter,* 144 N. C., 674.

For the purpose of showing that the lands he has entered are unappropriated the plaintiff introduced a grant to James P. Winslow, dated 29 December, 1891, and a deed from W. H. Lamb and J. H. Lane to defendant, dated 3 December, 1895, both containing the following description: "Being the Thomas E. Winslow entry, beginning at Rufus White's corner and running S. 70 E. 161 chains to Stallings' corner; thence N. 20 E. 27 chains to Hollowell's corner; thence N. 59 W. 152 chains to David White's corner; thence S. 32½ W. 52 chains to the first station; containing 650 acres, more or less." The plaintiff contends that the grant and deed are void, for the reason that the land attempted to be described therein cannot be located. The defendant introduced a deed from J. P. Winslow to Lamb and Lane for the same land.

It is not necessary that the defendant, the claimant, should show an assignment of the Thomas E. Winslow entry, or to show that the words "Thomas E. Winslow," recited in the grant, were intended for James P. Winslow.

When plaintiff put in evidence a valid grant from the State, issued in 1891, long prior to his entry, he showed that the lands had been previously granted and were not vacant and unappropriated.

We see no reason why the grant cannot be located by parol evidence. It is certainly not void on its face. The Rufus White corner called for in the grant may be located by reference to the Stallings corner and the course and distance between the two, and it is competent to introduce parol evidence to locate those corners. *Shepherd v. Simpson,* 12 N. C., 237; *Perry v. Scott,* 109 N. C., 374.

The judgment of the Superior Court is
Affirmed.