WILL LOVIN et al. v. R. CARVER et al.

(Filed 21 May, 1909.)

**State's Lands—Entry—Vague Descriptions—Second Enterer—Trusts and Trustees—Notice.**

Prior to the Laws of 1905 (Revisal, sec. 1722) an entry of the State's vacant and unappropriated lands too vague to give notice of the boundaries of the land intended to be entered is not sufficient notice to a second enterer who has perfected his grant in ignorance of the first; and the mere running of the lines of the lands by survey or the making of a map by the first enterer which he could keep in his possession, or the warrant to the county surveyor, necessarily no more definite than the original entry, cannot remedy the defective description of the entry.

Action tried before *Ward, J.,* and a jury, at Spring Term, 1909, of Graham.

The facts, as stated in the record, are: One A. L. Adams, under whom plaintiffs claim, on 6 February, 1901, laid the following entry in the office of the entry taker of Graham County: "A. L. Adams enters and locates 300 acres of land in said county and State, in District Ten, on waters of Little Santeetla Creek, beginning on a chestnut tree and runs various courses for complements." A warrant of survey was issued 29 June, 1903, and the survey made 12 September, 1903. A grant issued 13 October, 1903. On 16 February, 1903, one Jenkins, under whom the defendants claim, laid an entry, No. 1948, and, on 6 March, 1903, another entry on land in said county. Both of these entries were surveyed, and land located, 23 June, 1903, and grants issued 20 June, 1904. These entries were also vague and indefinite. It was admitted that the Jenkins entries covered the land described in the Adams grant. Plaintiffs had no notice of defendants' survey. Defendants claimed that plaintiffs held the legal title to the land in trust for them. An issue directed to this inquiry was submitted to the jury and, under instruction of the court, answered in the negative. Judgment was rendered, declaring plaintiffs to be the owners of the *locus in quo* and removing the cloud from their title, etc. Defendants excepted, assigned as error his Honor's instruction, and appealed.

*John H. Dillard* for plaintiff.

*A. S. Barnard* and *A. D. Raby* for defendant.

CONNOR, J.   It is well settled that when a valid entry is laid, followed by a survey and grant, a prior grantee claiming under subsequent entry will be declared to hold the legal title in trust for the subsequent grantee claiming under the first entry.   The decisions in our reports in which this doctrine is held are based upon the well-settled principle that one who lays an entry acquires an equity, or, as sometimes called, a right of preemption, which, when followed by a survey and grant, ripens into the legal title. If, during the time intervening between the entry and grant, another lay an entry and acquire a grant prior in date to the grant of the first entry, he shall hold the legal title as trustee for him.   This is founded on the well-understood equitable doctrine that he who takes the legal title with notice of an equity takes subject to such equity.   In *Plemmons v. Fore,* 37 N. C., 312, *Ruffin, C. J.,* says: "An entry creates an equity which, upon the payment of the purchase money to the State, in due season, entitles the party to a grant and, consequently, to a conveyance from another person who obtained a prior grant under a subsequent entry *with knowledge of the first entry.*"   It is conceded that both entries were vague and indefinite, coming within the definition of a "floating entry."   *Johnson v. Shelton,* 39 N. C., 85; *Munroe v. McCormick,* 41 N. C., 85; *Currie v. Gibson,* 57 N. C., 26; *Fisher v. Owens,* 144 N. C., 649; *Call v. Robinett,* 147 N. C., 616.   It is also well settled that an entry void for uncertainty may be made certain and definite by a subsequent survey, and that a grant based upon it will be valid.   *Harrison v. Ewing,* 21 N. C., 369; *Grayson v. English,* 115 N. C., 358. While this is true, as between the State and the grantee, the question still remains open, whether a survey of a "floating entry" will put a subsequent enterer and prior grantee upon notice.   If the original entry was so vague and uncertain as to fail to give notice of the boundaries of the land intended to be entered, we are unable to perceive how a mere survey, without marking lines or fixing monuments, afford any such notice.   The statute did not, at the date of these entries or surveys, require that the

survey should be recorded in the office of the entry taker. Merely running the lines and making a map which the enterer could keep in his possession until he took his grant certainly could not afford notice of boundaries of the land to be surveyed. The warrant to the county surveyor was no more definite in its description than the original entry—it could not be so. If, by reason of the vagueness of the first entry, no notice is given to a second enterer, who, in ignorance of such entry, proceeded to survey the land, pay his money and takes a grant from the State, no equity can be invoked against him. He holds the legal title free from any claims of the first enterer. We therefore concur with his Honor's instruction to the jury. By virtue of the act of 1905, ch. 242 (Revisal, sec. 1722), a record of the survey is required to be made and kept in the office of the entry taker; this will give notice of all surveys, and the difficulty experienced by the defendants will not hereafter arise.

Upon a careful examination of the record, we find
No Error.