This is a proceeding to protest an entry made by the defendant, (594) J. H. Downing, of a certain tract of land, said to contain 200 acres. The entry was expressed in these terms:
J. H. Downing produced to the undersigned entry taker a writing, signed by himself, that he lays claim and enters a certain parcel or tract of land vacant, unappropriated and subject to entry. The land is situate in Bladen County, Colly Swamp being the nearest water-course, being in Colly Township, in and around Ditch Bay. The lines of other persons are J. H. Downing, A. E. Martin, Kate Owens, and others. The number of acres claimed are 200. This entry was made 24 September, 1908.
 WILLIAM WHITTED, Entry Taker.
This entry was protested by the plaintiff, A. E. Cain, on 5 October, 1908, and an issue made up and sent to the Superior Court for trial. In that court the following proceedings were had: The protestant moved the court to dismiss the entry, on account of the insufficiency of the description in said entry to allow the enterer to proceed thereon with his proof. The enterer offered to prove that adjoining landowners mentioned in the entry entirely surrounded the land entered, and that this land is vacant and unappropriated, and that the land is near Ditch Bay and Colly Swamp, as set out in the entry; and the court, being of the opinion that the description in the entry is too vague and uncertain to be aided by parol proof or to allow proof to be introduced on the issues raised in the entry and protest filed, allows protestant's motion to dismiss, and the enterer excepted. Judgment was entered for the plaintiff, protestant, and the defendant, the enterer, appealed.
This case seems to have been considered in the court below by the protestant and the judge, in one aspect of it, as if it was a contest between parties holding senior and junior entries, in which case it must appear, in order to defeat the junior enterer who first takes out a grant, that he had notice of the prior entry, and the description of the land therein, for that reason, becomes very material. It (595) must be sufficiently accurate or specific to notify the junior enterer of the prior entry. But there is no such question in this proceeding. It was brought under Revisal, sec. 1709, which provides that "if any person shall claim title to or an interest in the land covered by an entry, or any part thereof, he shall file his protest in writing with the entry taker against the issuing of a warrant thereon," and then the *Page 484 
required issue is made up for trial in the Superior Court. It will be observed that the protestant must be a person who "claims title to or an interest in the land covered by the protested entry," whereas in this case the plaintiff, instead of admitting or alleging that the land is covered by the entry, is strenuously denying and combatting that very fact, by contending that the description in the entry is too vague and uncertain to cover or describe any land at all. The object of a protest, under this statute, was to prevent double or plural entries, or, in other words, the entry of land which was not vacant or not subject to entry, having already been appropriated, and is predicated, necessarily, upon the formal sufficiency of the entry. The protestant starts out by denying the existence of this very fact, which constitutes the essential basis of his protest, to wit, that the entry covers land belonging to him and which the State had no right to grant again, having already parted with its title. It was early said, in Harris v. Ewing, 21 N.C. 369, that an entry is not absolutely void in any case, merely because it is not as "special" as the party could have made it by the use of all the indicia, internal and external, supplied by the act as evidence of identity, but it is valid or invalid in respect of a subsequent enterer according to the fact that he may or may not have sustained loss by the want of particularity in it. "It is plain that it was not intended that the entry be so specific as entirely within itself to identify the land by its boundaries, because the same statute commands a survey to follow the entry at a short interval, and in the seventeenth section points out the means of identity to be set out in the certificate of survey. The truth is that the interest of the State, as vendor, was (596) not at all concerned in the entry's being more or less special. The quantity was alone important to her, because that regulated the price. Again, the entry has never been considered in this State as a constituent part of the legal title, and for that reason such precision in its term is not necessary as will upon their face connect and identify the land granted with that entered. It appears to the Court, therefore, that a vague entry is not void as against the State, but gives the enterer an equity to call for the completion of his title by the public officers. If it be not void against the State, it is a necessary consequence, as we think, that it is likewise not so as against a subsequent purchaser from the State with notice. . . . We have before stated that the only purpose on which a special entry is preferred to a general and vague one is to give notice to a second enterer. If that be correct, the specific notice established in this case must supply the original defect in the entry. It is a defect which does not avoid it altogether, but only displaces it when otherwise it would prejudice the ignorant and the innocent." And this idea, that certainty *Page 485 
in the entry is required in order to protect innocent subsequent purchasers of the land from the State, that is, junior enterers, runs through all the cases upon the subject. Johnstone v. Shelton,39 N.C. 85; Munroe v. McCormick, 41 N.C. 85; Fuller v. Williams,45 N.C. 162; Currie v. Gibson, 57 N.C. 25; Ashley v. Sumner,57 N.C. 123; Grayson v. English, 115 N.C. 358; Fisher v. Owens,144 N.C. 649. It was said by Judge Pearson in Munroe v. McCormick, supra, and quoted with approval by Judge Battle in Fuller v. Williams, that "when one makes an entry so vague as not to identify the land, such entry does not amount to notice, and does not give any priority of right as against another individual, who makes an entry, has it surveyed, and takes out a grant. By a liberal construction of the law, such entries are not void as against the State. It is not material to the State what vacant land is granted." And Justice Avery, in Grayson v. English, supra, quoted approvingly what is said by Chief Justice Ruffin in Harris v. Ewing,supra: "It appears to the Court, therefore, that a vague entry is not void as against the State, but gives the enterer an equity to call for the completion of his title by the proper public (597) officers." Justice Connor said in Fisher v. Owen, supra, after referring to and quoting the language of the statute in regard to the description of land in an entry: "Does the description in the entry, under which plaintiff claims, comply with these requirements? It will be observed that we are not discussing the question whether the entry is sufficient, after survey is made and grant issued by the State, to vest the title. The State alone is interested in this question." So in Ashley v. Sumner,57 N.C. 121, Judge Pearson again said that "it is the policy of the public to have the vacant land appropriated by individuals. So far as the State is concerned, it is a matter of indifference who appropriates the land, provided it be paid for. Upon this ground it is settled that where an entry is made in terms of general description, it may be made certain, and the particular land identified by a survey, if it be done before the right of another enterer has attached." All of which simply means that it is competent to lay what is called a "floating" entry in accordance with the established policy, and it is in itself valid as between the State and the enterer, for the State is indifferent as to what vacant land is taken up by entry, but the enterer takes the risk of his intended appropriation of public land being defeated, if he fails to identify it with certainty by a survey in such a way that others will have notice as to the location of the land described in the entry; but so long as there is no subsequent entry upon which to challenge his right, the first entry is perfectly valid. If an entry is void for uncertainty as against a subsequent enterer or purchaser from the State, it nevertheless is sufficient *Page 486 
to sustain a grant issued upon a definite location by a survey theretofore made which will be good as between the State and the grantee. Lovin v.Carver 150 N.C. 710. After stating, in Call v. Robinett, 147 N.C. 617, that the vagueness of an entry may be cured by survey, under the statute, identifying the land, and notice thereof to a subsequent enterer, or what is equivalent thereto, the Court cites and quotes from Currie v.Gibson, 57 N.C. 25, as follows: "When the terms of description in which an entry is made are so vague as not to identify any lands, the entry is not void, and the defect may be cured by the survey, so (598) as to make the grant which issues in pursuance thereof valid as against the State." And it is also good against every one who has not acquired a prior claim or right to the land, or an equity therein as a purchaser for value without notice of the prior entry. If, therefore, protestant or any one under whom he rightfully claims has received a grant for the land from the State, or has otherwise acquired the title as against the State, so that its right has been divested, that right or title will prevail against the enterer, even if he should hereafter survey the land and take out a grant therefor with a perfect description; and if he has such right or title, he may also protest the entry under the statute. But if he has no right or title to protect as against the entry, the latter is to be taken as valid, as the State does not contest it, and, as has been said, has no interest to do so. All the cases emphasize the distinction between an entry which is valid between the State and the enterer, and yet invalid as to a subsequent enterer without notice who first obtains a grant.
If the principles thus settled are applied to this case, the error of the court in adjudging the entry void on its face is apparent. The enterer offered to prove that the land could be located by the calls of the entry, and also that it is vacant land, being completely surrounded by the lands of the other proprietors named therein, but this was excluded, and, without any opportunity to locate his entry by a survey according to the statute, and without the least showing that the protestant has any interest in the land or any right to challenge the validity of the entry, the enterer was nonsuited. He was summarily dismissed from court without any chance to establish the facts by proof, if it was necessary for him to do so, in order to prevail against a plaintiff who had shown no title to the land or any interest whatever therein. But assuming, for the sake of discussion, that the whole burden rested upon him (Walker v. Carpenter, 144 N.C. 674;Lumber Co. v. Coffey, ibid., 560), it was held in the later case of Bowserv. Wescott, 145 N.C. 56, that a protest, as authorized by the statute, Revisal, sec. 1709, "is a simple proceeding, under the entry laws, to ascertain if the enterer, so far as the *Page 487 protestant only is concerned, has a right to enter the land described (599) in the entry." (Italics ours.) So far as the record in this case shows, the protestant has not only no shadow of title or claim to the land proposed to be entered and surveyed by defendant, and for which he will ask for a grant from the State, but he is not even an occupant of the land. But apart from this consideration, the enterer proposed to prove that the land was subject to entry, and that he was entitled to have it surveyed, and further, that it was accurately described in the entry; but was not permitted to do so. Can it be that an entry will be vacated upon such a showing? We think not. Besides all this, the land was sufficiently described and bounded so as, at least, to let in parol evidence for the purpose of identifying and locating it. It substantially complies with the directory provisions of the statute. Revisal, sec. 1707; Harris v. Ewing, 21 N.C. at pages 373, 374. But the land is described as being 200 acres, near Colly Swamp, in Colly Township and in and around Ditch Bay, adjoining the lands of J. H. Downing, A. E. Martin, Kate Owens, and others, and being "a parcel or tract of land vacant, unappropriated, and subject to entry." It would seem to be as definite as the descriptions held to be good inHorton v. Cook, 54 N.C. 270, and Farmer v. Batts, 83 N.C. 387. InHorton v. Cook the only certain element in the description was the "chestnut tree," the other calls being far more indefinite than those in this case. The land was described as lying "on the headwaters of Elk Creek and between the lands of other persons," but how far from them, or whether it touched them or not, did not appear. No course of distance was given. The description here is a certain tract ofvacant land near Colly Swamp, in Colly Township, in and aroundDitch Bay, adjoining the lands of several persons named, and others, containing 200 acres. It is possible that 200 acres of vacant land can be found answering that very description, and it may be that it is the only 200-acre tract of vacant land that does. It is quite as certain as the call for a physical object or point and thence running various courses (or any direction) for complement, as in the Horton case. When it is described as vacant and unappropriated land, it means land owned by the State at that place or not taken up by entry, which is as definite as if it had said the uncultivated land of a person named, which would have been sufficient, under Farmer (600)v. Batts. What is required by the law is not absolute certainty, but a description sufficient to be fitted to the thing intended to be designated. In the case of Horton v. Cook, 54 N.C. at p. 273, the Court said: "The objection to the vagueness and uncertainty of the defendant's entry, and its effect upon his rights, is equally against the plaintiff. Such an objection would have come with more force from *Page 488 
the plaintiff, to repel the allegation of notice of the defendant's entry, if he had obtained the first grant; but in truth, the defendant's entry was sufficiently definite and certain to fix the plaintiff with the actual notice which, it is clear from the proofs, he had of it. It specifies a certain tree, in a certain line of another tract of land, at which it commences; and it mentions the headwater of the creek on which, and the tracts of land belonging to other persons between which, it is located." There is no suggestion in this case that protestant is a subsequent enterer or has any interest that may be prejudiced if this entry is upheld.
The case seems to have been tried as if it were an ejectment or an action to settle conflicting titles, or to remove a cloud from plaintiff's title; whereas it is simply an attack upon an entry, which is valid as against the State and all others not having some interest or equity in the land in question, as we have already seen. If, as the case is now presented, we should hold this entry to be void for uncertainty, there would be no such thing as a "floating" or "shifting" entry, to be definitely located by a survey under the statute, and yet such entries have been distinctly recognized, as will appear by reference to the cases we have cited.
There was error in the ruling of the court.
Error.
Cited: Walker v. Parker, 169 N.C. 153.
(601)